SUSAN M. CHEHARDY, Chief Judge.
laThis appeal stems from a suit on a promissory note arising out of a loan transaction between appellant, Lilly Lyd, L.L.C., and appellee, Cora Joyce Graham. For the reasons that follow, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY

Appellee, Cora Joyce Graham, and her husband, Robert Mullins, who was deceased at the time of trial, were the owners of Humble Spirit International, Inc. (“HSI”), a non-profit corporation organized for the purpose of educational, religious, and counseling services. In January of 2005, HSI acquired property located at 1242 St. Roch Avenue in New Orleans, Louisiana (hereinafter, “the property”). The property was encumbered by a mortgage held in favor of Gulf Coast Bank & Trust Company in the amount of $50,000.00, in addition to other liens. Intending to clear the title and renovate the property for use as a multi-purpose center, HSI required funding and so contacted Michael Dazet, a loan broker who had previously assisted Ms. Graham and Mr. Mullins in refinancing | .-¡their home, to secure a loan for this purpose. Mr. Dazet, who was deceased at the time of trial, located a lender: appellant, Lilly Lyd. It was not disclosed to Ms. Graham or Mr. Mullins at the time that Lilly Lyd was in fact Mr. Dazet’s company.
Lydia Dazet, the member manager of Lilly Lyd and Mr. Dazet’s widow, explained that Lilly Lyd is a company that finds investment properties for investors and manages them for and on the investors’ behalf. Ms. Dazet explained that Lilly Lyd issues “hard money loans,” which she defined as a “high-risk loan in which investors put up funds as the bank for the loan.” Under this type of loan, Lilly Lyd acquires ownership of the property that secures the loan and the client maintains the option to buy back the property after the loan is paid off. In the event the loan is not paid off, Lilly Lyd, as owner, maintains the right to sell the property.
In the present case, this “hard money loan” was effected through the execution of three instruments on April 21, 2005: a promissory note, a “Sale with Assumption of Mortgage,” and an “Option to Purchase.”
First, the promissory note, the subject of the present proceedings, was signed by Ms. Graham in which, “for value received,” she promised to pay Lilly Lyd $128,750.00 at an annual interest rate of 12 percent with the entire balance of principal and interest becoming due and payable on April 21, 2006.[1] Next, in the “Sale with Assumption of Mortgage,” executed by Mr. Mullins and Mr. Dazet, Lilly Lyd obtained ownership of the property and assumed the existing mortgage thereon. And lastly, in the “Option to Purchase,” also executed by Mr. Mullins and Mr. Daz-et, Lilly Lyd conveyed to HSI, until April 20, 2006, the exclusive option to purchase the property for the amount of the loan, $128,750.00. However, the “Option to Purchase” makes no reference to the promissory note executed by Ms. | ¿Graham and does not state that Ms. Graham’s obligation to pay the $128,750.00 pursuant to the promissory note would be relieved *831 upon HSI’s exercising its right to re-purchase the property for $128,750.00.
Ms. Graham testified that she first realized, within ten to fourteen days of the closing, that her husband, on behalf of HSI, had transferred ownership of the property to Lilly Lyd. HSI complained to Mr. Dazet, who agreed to transfer the property back. HSI then moved forward with the renovation on the assumption that the property would be transferred back and attempted to effectuate this transfer on three separate occasions to no avail. HSI ultimately never regained ownership of the property and Lilly Lyd sold it to a third party in 2011 for $70,000.00.
Ms. Graham testified that neither she, Mr. Mullins, nor HSI received any loan proceeds or a loan distribution sheet delineating for what purpose the funds were to be used or how they were to be spent. Although evidence introduced at trial reflects that Lilly Lyd disbursed six checks payable to HSI totaling $27,112.50 between May and August of 2005, Ms. Graham explained that HSI received these funds in its capacity as a general contractor for renovation work on the property, not as the lendee. Ms. Graham maintained that HSI never controlled any loan proceeds and never authorized any of Lilly Lyd’s payments of the mortgage, liens, property taxes, insurance premiums, or fees for a title exam and appraisals of the property. Ms. Graham further asserted that HSI received neither a copy of an insurance policy nor proof that a title exam or appraisals were actually conducted.
Ms. Graham explained that she made no payments on the promissory note because she “no longer owned the property.” She added: “Why would I pay something when Lilly Lyd was totally in control of all the funds? ... It was their property[.]” Consequently, on August 24, 2010, Lilly Lyd filed a petition seeking to enforce the promissory note and recover $128,750.00, plus 12 percent interest |fifrom April 21, 2005 until paid, attorney fees in the amount of 25 percent of the principal and interest due, and all costs of the proceedings. In its answer, HSI raised, among others, the affirmative defense of failure of consideration in accordance with La. C.C.P. art. 1005.[2]
Following a bench trial on March 10, 2014, the trial court, rendered judgment on April 4, 2014, dismissing with prejudice Lilly Lyd’s claims against Ms. Graham and awarding Ms. Graham court costs. The court found the promissory note was “not enforceable due to the lack of cause and consideration.” The court explained that because “Lilly Lyd acquired ownership of the property and retained control over the loan proceeds, ... Ms. Graham received no consideration in return for her execution of the promissory note.” Lilly Lyd appeals from this judgment.

DISCUSSION

On appeal, Lilly Lyd argues that the trial court erred in concluding that Ms. Graham received no consideration for her execution of the promissory note. Lilly Lyd claims that the note was given for consideration in the form of the six checks issued directly to HSI as well as Lilly Lyd’s funding of repairs to the property.
In a suit on a promissory note, the payee who produces the note sued upon makes out a prima facie case and will be given the presumption that the instrument was given for value received unless the maker casts doubt upon the reality of the *832 consideration. Graves v. Porterfield, 555 So.2d 595, 598 (La.App. 1 Cir.1989). Once the maker casts doubt upon the consideration, the ultimate burden shifts to the payee to prove consideration by a preponderance of the evidence. Id.
In the instant case, Lilly Lyd introduced into evidence a copy of the promissory note signed by “Cora Joyce Graham,” which Ms. Graham did not deny | fiwas her signature. Accordingly, the note was presumed to have been given for consideration and the burden shifted to Ms. Graham to rebut this presumption. The trial court determined this presumption was rebutted by evidence demonstrating that Lilly Lyd acquired ownership of the property and that HSI never received any of the loan proceeds while Lilly Lyd retained exclusive control over them.
It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
The record before us demonstrates that through the execution of this “hard money loan,” HSI surrendered ownership of the property and did not receive any loan proceeds. Although Lilly Lyd points to the six checks issued to HSI as proof that HSI received a portion of the loan proceeds, in light of Ms. Graham’s testimony that these proceeds were received as payment for services rendered by HSI as a general contractor, and not as the lendee, we find the trial court’s determination that Lilly Lyd retained exclusive control over the loan proceeds is supported by the record. Moreover, the repairs to the property, the clearing of title, the payment of property taxes, and the payment of insurance premiums all inured to the benefit of Lilly Lyd as the property owner. We find no evidence in the record that Ms. Graham, Mr. Mullins, or HSI received any adequate consideration for execution of the promissory note. ' Therefore, we cannot say that the trial court manifestly erred in concluding that the note was unenforceable due to the lack of consideration. Accordingly, the judgment of the trial court is affirmed.

^DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellant, Lilly Lyd, L.L.C.

AFFIRMED

. The note was paraphed " 'Ne Varietur’ to identify with an Act of Collateral Mortgage passed before [notary public] on April 21, 2005.” However, no evidence of this mortgage was introduced at trial.

. "The defense of failure of consideration concedes that there was consideration for the instrument in its inception, but alleges that the consideration has wholly or partially ceased to exist.” Smith v. Louisiana Bank & Trust Co., 272 So.2d 678, 683 (La.1973).