GARRETT, J. ,
liThe defendants, Kenneth A. Gordon, Jr., and Susan Franks Gordon, appeal from the grant of summary judgment in favor of the plaintiff, Donald E. Sonnier, Jr., and the denial of their motion for new trial in this suit on a promissory note. For the following reasons,- we reverse and remand for further proceedings.
FACTS
On October 2, 2014, Sonnier filed suit claiming that he is the holder and payee of a promissory note signed- by the Gordons on April 19, 2011, for $200,000, payable on demand, with an interest rate of 3.5 percent. Sonnier alleged that the Gordons had not made any payments on the note and had failed to pay despite amicable demand. He. asserted that the accx-ued interest was $24,164.38. Kenneth, a Texas resident, was served under Louisiana’s “long-arm”, statute. Susan was served in Bossier Parish where she resides.
Proceeding in proper person, the Gor-dons filed a one-page pleading which contained exceptions of improper service, lack of personal jurisdiction, and lack of subject matter jurisdiction, urged by Kenneth. *49 The pleading also contained an answer on behalf of Kenneth and Susan generally denying Sonnier’s claims. The pleading reserved all rights to answer the plaintiffs petition, to counterclaim by way of recon-ventional demand, and any other rights they might have. The pleading did not assert any affirmative defenses.
■ Sonnier then filed a motion for summary judgment and a motion to set the exceptions for hearing. Among the items filed in support of his |amotion for summary judgment were the note, demand letters to each of the defendants, and Sonnier’s affidavit- stating that he loaned $200,000 to the Gordons, secured by the note, which had not been paid. In response to: the motion for summary judgment,- the Gordons submitted an affidavit attesting that they personally knew that the note was without consideration, and that Sonnier had no evidence that he gave the Gordons the amount of. $200,000. They maintained there was a genuine issue of material fact which precluded the grant of summary judgment.
At the hearing on the exceptions and the motion for summary judgment, the Gor-dons represented themselves. Counsel for Sonnier asked that the Gordons be sworn, stating “I have about two brief questions during my presentation just to confirm some aspects, of the note.” The trial court allowed this. The Gordons were asked to state their addresses. The trial court .indicated that it first wanted to take up the exceptions. When Kenneth made statements pertaining to the note having never been funded, he was advised' that only arguments germane to the exceptions were proper at that time. Kenneth’s arguments that -the suit should have been filed in Texas were properly rejected by the court and the exceptions were overruled.
Next, the motion for summary judgment was addressed. Counsel for Sonnier asked Kenneth and Susan to confirm that they signed the note, which they did.[1] Sonnier’s counsel acknowledged that the Gor-dons had supplied an affidavit arguing lack of funding of the note,, but asserted that IsSonnier disputed that. Sonnier pointed out that Kenneth had just gotten out of prison for fraud. The trial court questioned whether the Gordons’ affidavit created a genuine issue of material fact. Son-nier contended that his burden of proof on summary judgment was simply to produce the note and to prove the signatures. Son-nier argued that failure of consideration is an affirmative defense that the Gordons failed to plead. He also argued that the Gordons failed to file- an opposition to the motion for summary judgment. He contended that-the Gordons should have asserted an affirmative defense in their answer. He stated the Gordons could have filed a reconventional demand or another lawsuit raising the issue of lack of consideration.
The Gordons asked the court for a chance to go to trial and prove where the money went. Kenneth stated that Sonnier “put his money somewhere else.” He maintained that Sonnier “committed a crime ‘ throughout this and that’s'what [plaintiffs attorney] does not want me to have the opportunity to say.” Kenneth claimed he could present witnesses to prove he never got any money for the note.
The trial court granted summary judgment on the note in favor, of Sonnier, along with interest, attorney fees and costs. *50 The trial court based its ruling upon Son-nier’s production of the note and the admission by the Gordons that they signed the note. The court seemed to find that the Gordons’ claim of want or lack of consideration for the note had not been properly raised, noting the lack of a “reconven-tional demand or other suit.” A judgment in the total amount of $235,019.36 was signed in court.[2]
|/The Gordons hired counsel and filed a motion for new trial, claiming that the summary judgment was contrary to the law and evidence and material issues of fact existed at the time the summary judgment was granted.[3] According to the Gor-dons, they presented the legal defense of lack of funding of the note, sufficient to create a genuine issue of material fact, precluding the grant of summary judgment. Because they were unrepresented at the hearing on the motion for summary judgment, they claimed they were not able to properly articulate and present evidence of their defense.
The Gordons filed a memorandum in support of the motion for new trial asserting that in 2010, they conditionally agreed with Sonnier to form a partnership called Diamond Realty Group Texas, LLC (“DRG Texas”). Sonnier was to provide the funding and retain 25 percent ownership of the business. Kenneth Gordon was to build the business and receive 75 percent of the ownership, contingent on passing an inspection with the FBI and remaining out of jail.
On April 15, 2011, a different company, Diamond Realty Group Frisco, LLC (“DRG Frisco”), was formed. On April 19, 2011, the Gordons signed the promissory note, payable to Sonnier, for $200,000, payable on demand, with an interest rate of 3.5 percent. The Gordons claimed that | fjSonnier never gave them any money, but rather put the money into DRG Frisco, an account Sonnier owned exclusively.
The Gordons further claimed that Sonnier formed DRG Texas on April 18, 2012, with two other partners and that the Gor-dons had no ownership in this entity. In March 2012, Diamond Realty Group USA, LLC (“DRG-USA”) was formed to be the parent company of the corporations. Kenneth went to jail in March 2013.[4]
In connection with the motion for new trial, Kenneth filed an affidavit reiterating his assertion that the note was given for split ownership with Sonnier of DRG Texas, and was contingent on Kenneth not going to jail. He admitted the note was signed, but asserted he and Susan were never paid any of the $200,000. Kenneth stated the money was put into the accounts for DRG Frisco, DRG Texas and DRG-USA, all owned by Sonnier. Kenneth maintained he had no control over this money. He claimed he worked only as an employee of the company, whose responsibility was to promote and start up the company. He said that when he went to prison, he forfeited his role in all the companies.
At the hearing on the motion for 'new trial, the Gordons argued that lack of con *51 sideration is a legal defense to a promissory note and, in this case, they never got any of the money for the note. They cited Lilly Lyd, L.L.C. v. Graham, 14-694 (La. App. 6th Cir.12/30/14), 167 So.3d 829, in support of their argument. The court observed that the case had not yet been released for publication at that time. According to the Gordons, |6Sonnier loaned money to himself for a failed business venture and now he was trying to recover the funds from them. Kenneth contended he was just an operator of the business and was never given any ownership interest. The Gordons asserted that the matter was not ripe for summary judgment, the motion for new trial should be granted, and the summary judgment in favor of Sonnier should be vacated.
Sonnier disputed the Gordons’ claim of want or failure of consideration, arguing that Kenneth worked as an employee of the company and received significant benefit from the funds he received. Sonnier argued that, once he showed he was a holder in due course of the note and that the signatures were valid, he did not have to prove anything else in order to recover. The trial court denied the motion for new trial and the Gordons appealed.
MOTION FOR SUMMARY JUDGMENT .
The Gordons have filed several assignments of error essentially arguing that the trial court erred in granting summary judgment in favor of Sonnier and in denying their motion for new trial. They contend the trial court erred in failing to recognize that failure of consideration is a valid defense to a promissory note and that the Gordons showed there is a genuine issue of material fact regarding whether they got any money for the note. Based upon our de novo review of the summary judgment proceedings, we find that the trial court erred in granting summary judgment in favor of Sonnier. We also find that the trial court abused its discretion in failing to grant a new trial.
17Legal Principles
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). Samaha v. Rau, 2007-1726 (La.2/26/08), 977 So.2d 880; Driver Pipeline Co., Inc. v. Cadeville Gas Storage, L.L.C., 49,375 (La.App.2d Cir.10/1/14), 150 So.3d 492, writ denied, 2014-2304 (La.1/23/15), 159 So.3d 1058.
Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions, together ■with the affidavits, if any, admitted for purposes of summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)[5]; Grant v. Sneed, 49,511 (La. App.2d Cir.11/19/14), 155 So.3d 61.
The moving party bears the burden of proof. However, if the movant will not bear -the burden of proof at trial on the matter before the eourt on the motion for summary judgment, the movant is not required’ to negate all essential elements • of the adverse party’s claim, action, or defense. He need only point out an absence of factual support for one or more essen *52 tial elements “of the adverse party’s claim, action or defense. If the adverse party then fails to produce factual support sufficient to establish that he will |sbe able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact and summary judgment is -appropriate. La. C.C.P.,art. 966(C)(2); Driver Pipeline Co., Inc. v. Cadeville Gas Storage, L.L.C., supra; Johnson v. Williams, 49,749 (La. App.2d Cir.4/15/15), 163 So.3d 880, writ not cons., 2016-180 (La.9/18/15), 177 So.3d 1063.
An adverse party may not rest on .the mere allegations or denials of his pleading, but his response, by affidavits or other appropriate summary judgment evidence, must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967; Samaha v. Rau, supra; Grant v. Sneed, supra.
This provision initially places the burden of producing evidence at the hearing on the motion for summary judgment on the iriover, who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent’s case. Samaha v. Rau, supra. At that point, the party who bears the burden of persuasion at trial must come forth with evidence which demonstrates he or she will be able to meet the burden at trial. Once the motion for summary judgment has been properly supported by the moving party, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion. Samaha v. Rau, supra; Foster v. Patwardhan, 48,575 (La.App.2d Cir.1/22/14), 132 So.3d 495, writ denied, 2014-0614 (La.4/25/14), 138 So.3d 1233; Tatum v. Shroff, 49,518 (La.App.2d Cir.11/19/14), 153 So.3d 561.
laSummary judgment is an appropriate procedural device to enforce a promissory note when the defendant establishes no defense against enforcement. See American Bank v. Saxena, 553 So.2d 836 (La.1989); Hancock Bank of La. v. C & O Enterprises, LLC, 2014-0542 (La.App. 1st Cir.12/23/14), 168 So.3d 595, writ denied, 2015-0621 (La.5/22/15), 171 So.3d 251.
A.new trial may be granted, upon.contradictory motion of any party or by the court on its own' motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues. La. C.C.P. art.1971.
La. C.C.P. art.1972 provides in part:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he eould not, with due diligence, have obtained before or during the trial.
A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law. La. C.C.P. art.1973. Although a trial judge has much discretion in determining , if a new trial is warranted, an appellate court may set aside the ruling of the trial judge in a case of manifest abuse of that discretion. Johnson v. European Motors-Ali, 48,513 (La.App.2d Cir.11/20/13), 129 So.3d 697, writ denied, 2013-2964 (La.2/28/14), 134 So.3d 1178.
| mDiscussion
In the present case, Sonnier claimed entitlement to summary judgment on the *53 note given by the Gordons, based upon his production of the note and the admission by the Gordons that they signed it. La. R.g. 10:3-303, dealing with value and consideration, provides in pertinent part:
(a) An instrument is issued or transferred for value if: .
(1) the instrument is issued or transferred for a promise of performance, to the extent the promise has been performed, or the holder has in good faith changed his position in reliance on it, in which case he is deemed to have given full value for the instrument;
(b) “Consideration” means any consideration sufficient to support a simple contract. The drawer or maker of an instrument has a defense if the instrument is issued without consideration. If an instrument is issued for a promise of performance, the issuer has a defense to the extent performance of the promise is due and the promise has not been performed. If an instrument is issued for value as stated in Subsection (a), the instrument is also issued for consideration. '
The right to enforce the obligation of a party to pay an instrument is subject to a defense of the obligor that would be available if the person entitled to enforce the instrument were enforcing a right to payment under a simple contract. See La. R.S. 10:3-305(a)(2).
Regarding entitlement to enforcement of instruments, La. R.S. 10:3-308 provides:
(a) In an action with respect to an in- ■ strument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings. If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature. If an action to enforce the instrument |T1is brought against a person as the undisclosed principal of a person who signed the instrument as a party to the instrument, the plaintiff has the burden of establishing that the defendant is liable on the 'instrument as a represented person under R.S. 10:3-402(a).
(b) If the validity of signatures is admitted or proved and there is compliance with Subsection (a), a plaintiff producing the instrument is entitled to payment if the -plaintiff proves entitlement to enforce the instrument under R.S. 10:3— 301, -unless the defendant proves a defense or claim in recoupment. If a defense or claim in recoupment is proved, the right to payment of the plaintiff is subject to the defense or claim, except to the extent the plaintiff proves that the plaintiff’ has rights of a holder in due course which are not 'subject to the defense or claim.
The Uniform: Commercial. Code Comment to this provision states:
2. Subsection (b) restates former Section 3-307(2) and (3). Once signatures-are proved or admitted a holder,' by mere production of the instrument, proves “entitlement to enforce the instrument” because under Section 3-301 a holder is a person entitled to enforce the instrument. . Any other person in possession of an instrument may recover only if that person has the rights of a holder. Section 3-301. That person must prove .a transfer giving that person such rights under Section 3-203(b) or that such rights were obtained by subro-gation or succession.
*54 In a suit on a promissory note, the plaintiffs burden of proof is straightforward. If he produces the note sued upon, then he has proved entitlement to the amount evidenced by the note. The defendant must then affirmatively show that the debt has been diminished or extinguished or is otherwise unenforceable. Premier Bank, Nat. Ass’n v. H.A.G. P’ship, 94-686 (La.App. 3d Cir.12/7/94), 647 So.2d 636. See also American Bank v. Saxena, supra; Hancock Bank of La. v. C & O Enterprises, LLC, supra.
Under Louisiana law, in a suit on a promissory note by the payee against the maker, the payee is entitled to the presumption that the instrument was given for value received. However, the' presumption is | iarebutted if the maker casts doubt upon the consideration. Once the maker casts doubt upon the issue of consideration, the burden shifts to the payee to prove consideration by a preponderance of the evidence. Community Bank of Lafourche v. Motel Mgmt. Corp. of La., 558 So.2d 641 (La.App. 1st Cir.1990); People’s Homestead Fed. Bank for Sav. v. Laing, 569 So.2d 271 (La.App. 2d Cir.1990); Williamson v. Guice, 613 So.2d 797 (La.App. 4th Cir.1993), writ denied, 617 So.2d 937 (La.1993); Lilly Lyd, L.L.C. v. Graham, supra; Talley v. Celestin, 04-1003 (La. App. 5th Cir.1/11/05), 894 So.2d 389.
Before the trial court, Sonnier argued that the Gordons had not properly opposed the motion for summary judgment and had failed to properly assert the affirmative defense of failure of consideration.[6] La. C.C.P. art. 1005 provides, in pertinent part:
The answer shall set forth affirmatively ... failure of consideration ... and any other matter constituting an affirmative defense.
There is a difference between the affirmative defense of failure of consideration and the defense of want of consideration. The former concedes that there was consideration for the instrument in its inception, but alleges that the consideration has wholly or partially ceased to exist. Smith v. Louisiana Bank & Trust Co., 272 So.2d 678 (La.1973); Lilly Lyd, L.L.C. v. Graham, supra. The latter defense, however, asserts that consideration was not given for the note. Thus, the defendant is merely producing evidence which rebuts the plaintiffs contention that consideration was |1Rgiven for the note. An affirmative defense or special plea is not necessary to permit the introduction of evidence which tends to rebut evidence introduced by the plaintiff in the proof of his case. Smith v. Louisiana Bank & Trust Co., supra; Williamson v. Guice, supra.
Sonnier has argued below and before this court that the affidavit of a convicted felon should not be given any weight. We note that a trial judge cannot make credibility determinations on a motion for summary judgment. Independent Fire Ins. Co. v. Sunbeam Corp., 1999-2181, 1999-2257 (La.2/29/00), 755 So.2d 226; Debrun v. Tumbleweeds Gymnastics, Inc., 39,499 (La.App.2d Cir.4/6/05), 900 So.2d 253. The credibility of a witness is a question of fact. In deciding a motion for summary judgment, the court must assume that all of the affiants are credible. Debrun v. Tumbleweeds Gymnastics, Inc., supra.
In Talley v. Celestin, supra, the fifth circuit found that a defendant rebutted the presumption that adequate consideration *55 was given for a note when the defendant and his wife presented. affidavits stating that they did not receive consideration for the promissory note sued upon..
We find that the Gordons properly and sufficiently raised the defense of want of consideration for the note by submitting an affidavit asserting they never got any money for the note. The affidavit cast doubt upon the issue of consideration, creating a genuine issue of material fact. Further, in support of the motion for new trial, Kenneth submitted another affidavit outlining the Gordons’ version of the business relationship between the parties and how the funds at issue were disbursed. At that point, Sonnier 114could not obtain summary judgment by simply relying on production of the note and the admission by the Gordons that they signed it. The burden then shifted to Sonnier to prove consideration by a preponderance of the evidence. No such evidence was presented. Therefore, the trial court erred in granting summary judgment in favor of Sonnier. It also abused its discretion in failing to grant the motion for new trial.[7]
CONCLUSION.
For the reasons stated above, we reverse the trial court decision granting summary judgment- in favor of the plaintiff, Donald E. Sonnier,. Jr., and against the defendants, Kenneth A. Gordon, Jr. and Susan Franks Gordon. We also reverse the trial court denial of the defendants’ motion for l1Bnew trial. The matter is remanded to the trial court for further proceedings. Costs in this court are assessed to the'plaintiff.
REVERSED AND REMANDED'.

, We note that testimony should neither he received nor considered, even with the consent of counsel, to decide a motion for summary judgment. See Watson v. Cook, 427 So.2d 1312 (La.App. 2d Cir.1983); MAPP Const., LLC v. Amerisure Mut. Ins. Co., 2013-1074 (La.App. 1st Cir.3/24/14), 143 So.3d 520.

. The judgment included $7,649.50 for past attorney fees and costs and $27,369.86 for interest through March 16, 2015.

. The Gordons filed a motion for new trial in an attempt to have the trial court reconsider its ruling on the motion for summary judgment. Because this matter was decided on a motion for summary judgment, obviously there was no trial. No objection was raised regarding the use of a motion for new trial in this context. The issue of whether the motion for new trial was the proper procedural vehicle is not before us on appeal.

.The Gordons are now divorced.

. We note that La. C.C.P. art. 966 was amended by 2015 La' Acts No. 422, which became effective January 1, 2016. However, the provisions of the Act do not apply to- any motion for summary judgment pending adjudication or appeal on the effective date of the Act.

. At oral argument before this court, counsel for Sonnier acknowledged that the Gordons’ affidavit was an opposition to the motion for summary judgment.

. Based upon our finding that the Gordons showed a genuine issue of material fact as to want of consideration for the note, it is not necessary to decide several of their arguments. The Gordons claimed that the trial court erred in failing to consider Lilly Lyd, L.L.C. v. Graham, supra, on the grounds it was unpublished. At the time the case was cited to the trial court, it appears that it had not yet been released for publication. It has now been published and was cited above. Howev: er, even if the case was unpublished, La. C.C.P. art. 2168 provides that unpublished opinions of the supreme court and the courts of appeal sháll be posted by such courts on the Internet websites of the court. Opinions posted as required by the article may be cited as authority.
The Gordons argued that the trial court erred in incorrectly interpreting and relying upon American Bank v. Saxena, supra. Sonnier relied upon the case to support his argument that, in order to obtain summary judgment, he was only required to produce the note and prove the signatures. That case, cited above, is factually distinguishable from the .present matter. Saxena asserted several defenses to the notes, but did not deny that he took out the loans represented by the notes, signed them and deceived the money.
The Gordons argued that Sonnier failed to establish he is a holder in due course under La. R.S. 10:3-302, because he was in bad ■faith. Because Sonnier is the original payee of the note, he is the holder, not the holder in due course. See La. R.S. 10:1-201(21)(A). Proof that Sonnier met the requirements for being a holder in due course is not necessary to the decision of this case.
The Gordons asserted that their agreement •with Sonnier contained the suspensive condition that Kenneth pass an FBI investigation and stay out of jail. Because this condition was not met, they contend the promissory note-was not enforceable. Again, because the Gordons established a genuine issue of material fact regarding want of consideration for the note, we do not reach consideration of this issue.