WILLIAMS, C.J.
*631 The defendant, Susan Gordon, appeals a judgment in favor of the plaintiff, Donald Sonnier, Jr., in the amount of $ 200,000, plus interest, attorney fees and costs. The trial court found that Susan Gordon and Kenneth Gordon were liable for repayment of the funds which they received in consideration for executing the 2011 promissory note. For the following reasons, we affirm.
FACTS
Kenneth Gordon, Jr., and Susan Gordon were married in 1990. During the marriage, they formed and acted as managing members of Diamond Realty Group, LLC ("Diamond Group"), which was engaged in the purchase and sale of real estate in northwest Louisiana. Apparently, the Gordons stopped living together in 2009, but remained married. In May 2010, Diamond Group signed an agreement granting to a separate company an exclusive license to use the Diamond Realty trade name. Kenneth and Susan Gordon ceased selling real property in Louisiana, but Diamond Group continued to exist as an entity with the primary asset consisting of the right to receive the license fee for the trade name. Kenneth Gordon later assigned his financial interest in Diamond Group to Susan Gordon.
In the fall of 2010, Kenneth Gordon and his friend, Donald Sonnier, Jr., decided to go into business together to buy and sell real estate in Texas. They agreed that Sonnier would provide the cash to get the business started and Gordon would manage the daily operations. In October 2010, checking account # 19690 was opened at American National Bank in the name of Diamond Realty Group, LLC. The mailing address of the account was the home address of Susan Gordon. From November 2010 through March 2011, Sonnier deposited $ 216,500 into account # 19690. During that time period, Kenneth and Susan Gordon were still married and were the managing members of Diamond Group.
On April 19, 2011, Kenneth Gordon and Susan Gordon signed a promissory note in favor of Donald Sonnier in the amount of $ 200,000, plus 3.5% interest from the date of execution. The promissory note provided for an award of attorney fees if legal action was required to collect the amount due on the note. At the time they signed the promissory note, the Gordons were married and in a community property regime. In August 2011, Kenneth Gordon was indicted for one count of conspiracy to defraud the United States and he was convicted of that crime in 2012. United States v. Gordon , USDC (W.D. La.) No. 5:11-CR-219 (2013). In March 2013, Gordon was remanded to federal prison and the real estate business venture with Sonnier failed a short time later.
In October 2014, the plaintiff, Sonnier, filed suit to collect the amount due under the promissory note signed by the defendants, Kenneth and Susan Gordon. In March 2015, the district court granted *632 summary judgment in favor of plaintiff in the amount of $ 200,000. On appeal, this court reversed the summary judgment, finding that a genuine issue of material fact existed as to whether consideration had been given to defendants in exchange for their execution of the note. The matter was remanded for further proceedings. Sonnier v. Gordon , 50,513 (La. App. 2 Cir. 4/13/16), 194 So.3d 47.
At trial in August 2018, Sharon Buzzanca testified that she was a certified public accountant who had worked with plaintiff during the years 2010 and 2011. Buzzanca stated that she was aware at the time that the Gordons were owners of Diamond Group and that she knew the employer ID # of their company because she had completed a tax form for them to file with the IRS. Buzzanca testified that she was aware Sonnier had agreed to invest funds in the business venture with the Gordons and that he had deposited $ 216,500 into the 19690 account.
Subsequently, the trial court issued reasons for judgment finding that the evidence showed that plaintiff had paid consideration to both defendants in exchange for their execution of the promissory note and that the amount of the consideration exceeded the $ 200,000 face value of the note. The trial court rendered judgment in favor of the plaintiff in the amount of $ 200,000, plus interest from April 2011, attorney fees and costs. The defendant, Susan Gordon, appeals the judgment. Kenneth Gordon did not file an appeal.
DISCUSSION
Defendant contends the trial court erred in finding that she was liable to repay the plaintiff on the basis of the promissory note. She argues that the promissory note cannot be enforced against her because she did not receive anything of value as consideration in exchange for signing the note.
An instrument is issued for value if it is issued for a promise of performance to the extent the promise has been performed. La. R.S. 10:3-303(a)(1). "Consideration" means any consideration sufficient to support a simple contract. The maker has a defense if the instrument is issued without consideration. If an instrument is issued for a promise of performance, then the issuer has a defense to the extent performance of the promise is due and has not been performed. If the instrument is issued for value as stated in subsection (a), the instrument is also issued for consideration. La. R.S. 10:3-303(b). In the context of negotiable instruments, consideration is what the obligor has received for her obligation. Thomas v. Bryant , 597 So.2d 1065 (La. App. 2 Cir. 1992).
In a suit on a promissory note, if the plaintiff produces the note sued upon, then he has proved entitlement to the amount evidenced by the note. The defendant must then show that the debt has been diminished, extinguished or is otherwise unenforceable. Sonnier v. Gordon , supra . Under Louisiana law, in a suit on a promissory note by the payee against the maker, the payee is entitled to the presumption that the instrument was given for value received. However, the presumption is rebutted if the maker casts doubt upon the consideration. Once the maker has raised doubt about the consideration, the burden shifts to the payee to prove consideration by a preponderance of the evidence. Sonnier , supra ; Lilly Lyd, L.L.C. v. Graham , 2014-594 (La. App. 5 Cir. 12/30/14), 167 So.3d 829.
In the present case, Sharon Buzzanca testified that she worked with Sonnier during 2010 to 2011 when he was investing money into the business with Kenneth *633 Gordon. Buzzanca stated that notices from the Louisiana Secretary of State's office show that at the time, the Gordons were the managing members of Diamond Group, which was the owner of account #19690 at American National Bank. Buzzanca testified that based on bank statements from November 2010 to March 2011, Sonnier had deposited $ 216,500 into account #19690 when the Gordons signed the promissory note in April 2011. Buzzanca stated that Sonnier did not write any checks to Susan Gordon individually.
Donald Sonnier testified that he agreed to provide the financing for the business venture with Kenneth Gordon. Sonnier stated that he deposited $ 216,500 into account #19690, which was owned by Diamond Group and that he believed Kenneth and Susan Gordon were the owners of that company. Sonnier testified that the promissory note signed by the Gordons was intended to secure repayment of his initial investment in the business. Sonnier explained that this intent was shown in an email from his attorney that was forwarded to Kenneth Gordon, stating that the Gordons would sign a promissory note as Sonnier invested the funds into the business. Sonnier stated that he had asked Susan to sign over her interest in the licensing fee, but she did not want to do that and so she signed the promissory note. Sonnier testified that he believed Susan was aware that Diamond Group was used to open account #19690 because she and Kenneth were married and were owners of that company.
Susan Gordon testified that she and her former husband, Kenneth, had formed Diamond Group, which has existed as a shell company to receive the income from a licensing fee since 2010. Gordon stated that prior to the lawsuit, she did not know that account #19690 had been opened in the name of Diamond Group, but she was aware that Kenneth and Sonnier were starting a business in Texas. Gordon testified that she was not a signatory for account #19690, she did not receive funds from that account and none of her bills were paid from that account. Gordon stated that she went with Kenneth to the office of Sonnier's attorney and felt upset when she was asked to sign over her interest in the licensing fee of Diamond Group because that was a source of income for her and the children. Gordon testified that when she refused to transfer her rights, she was presented with the promissory note and one of the men told her she was required to sign the note because she and Kenneth were married, but she did not recall who had said that. Gordon stated that she last lived with Kenneth at the Victorias Drive address in Benton and then in January 2011, she moved into her father's residence at Ashdown Drive. She testified that the mailing address for Diamond Group is her home address. Gordon acknowledged that bank records show that in April 2011, the address for account #19690 was changed from Victorias Drive to her Ashdown address. Gordon stated that even though she received monthly statements from American National Bank addressed to Diamond Group over a number of years, she never opened any of that mail. Gordon testified that she thought the bank statements mailed to her company, Diamond Group, at her address, were related to Kenneth's business in Texas and she just threw the mail into a box, where it remained unopened until she shredded the mail approximately six months before trial. Gordon stated that the divorce judgment shows that the community property regime between her and Kenneth terminated in March 2013.
In her brief, Gordon argues that she did not receive consideration for signing the note because she never received any of the funds deposited into account # 19690, she *634 never exercised control of those funds and she was not a signatory on that account. However, the evidence presented shows that the consideration for the promissory note signed by the Gordons was Sonnier's commitment to provide financing for the business venture with Kenneth, who was Susan Gordon's spouse at the time. The bank records demonstrate that Sonnier performed his promise by depositing $ 216,500 into account #19690, making those funds available to Kenneth Gordon for use in the business venture. Although Susan denied knowing that Diamond Group was used to hold funds for the business venture, such a lack of knowledge is contradicted by her testimony that she believed the bank statements addressed to Diamond Group were related to Kenneth's business in Texas. The record shows that the funds were made available whether she chose to exercise control over the funds or not and her spouse did have access to the funds. The evidence presented supports the finding that there was consideration for the promissory note. This assignment lacks merit.
Susan Gordon also argues that even if Diamond Group was an owner of account #19690, she did not have an ownership interest in that account as a member of Diamond Group because, under La. R.S. 12:1329, a limited liability company is a separate legal entity from its members, who do not have an interest in the limited liability company property. However, as stated above, the consideration for Susan in signing the promissory note was the financing provided by Sonnier for the business venture of her spouse and there is no showing that she was promised an ownership interest in the funds deposited into that account. This assignment of error lacks merit.
Gordon asserts there is no cause to support the obligation of the promissory note. Cause is the reason a party obligates himself. La. C.C. art. 1967. Contrary to her assertion, although Gordon stated she did not receive funds directly from the account, the evidence indicated that the community regime of Kenneth and Susan Gordon would have benefitted to the extent that the business venture was successful. Thus, the record supports a finding that there was cause for defendant's obligation. The assignment of error lacks merit.
Gordon contends the trial court erred in finding valid consent for the promissory note. She argues that her consent was not valid because she signed under duress.
A contract is formed by consent of the parties. La. C.C. art. 1927. Consent is vitiated when obtained by duress that causes a reasonable fear of unjust injury to a party's property. La. C.C. art. 1959. In her brief, Gordon asserts that she signed the note only after she was threatened with losing her rights to the license fee received by Diamond Group.
However, Gordon testified that she refused to transfer her rights when asked and then was told that she needed to sign the promissory note because she and Kenneth were married. This testimony does not support the assertion that her right to the licensing fee was threatened. Thus, there was no showing that Gordon was subject to such duress as to cause a reasonable fear of unjust injury to her property. The assignment of error lacks merit.
Gordon contends the trial court erred in finding that the full amount of the promissory note was owed. She argues that the promissory note cannot be enforced beyond the amount of funds actually given as consideration.
In brief, Gordon asserts that even though Sonnier deposited $ 216,500 in the *635 account, $ 150,000 of that amount was used at Sonnier's instruction to pay his personal loan debt to Gibsland Bank. At trial, Sonnier acknowledged that bank records indicated a payment was made to Gibsland Bank from account #19690, but he did not know the nature of the loan that was apparently paid. Kenneth Gordon testified that he had signed the check to Gibsland Bank and remembered that the check was issued to pay a loan for Sonnier.
The record shows that there was little evidence to establish what or whom the loan benefitted. Given the conflicting testimony, the trial court needed to weigh the credibility of the witnesses. The trial court found that Kenneth Gordon was not a credible witness whereas the court relied on Buzzanca's testimony that Sonnier had made significant payments to the business venture exceeding the face amount of the note. Based upon this record, we cannot say the trial court was clearly wrong in finding that defendants owed the full amount of the promissory note. The assignment of error lacks merit.
Gordon argues that Sonnier is precluded from recovery of the promissory note because of his own bad faith. An obligee may not recover damages when his own bad faith has caused the obligor's failure to perform. La. C.C. art. 2003.
In her brief, Gordon contends Sonnier's own actions after Kenneth Gordon went to prison damaged their business and prevented Sonnier from being repaid. The evidence shows that Sonnier abided by his agreement to invest funds into the business venture and there is no showing that he made misrepresentations regarding the execution of the promissory note. Thus, the record does not support a finding that Sonnier is precluded from recovery in this matter. The assignment of error lacks merit.
Gordon also argues that despite the existence of the community property regime between her and Kenneth at the time the debt was incurred, Sonnier has no right to collect the debt from her personally because Kenneth Gordon was the spouse who incurred the obligation sued upon. Community property comprises property acquired during the legal regime through the effort or skill of either spouse and the natural and civil fruits of both community property and a spouse's separate property. La. C.C. arts. 2338 and 2339.
Contrary to her argument, the evidence presented shows that Susan Gordon personally incurred the obligation by signing the promissory note. Thus, the record does not support the contention that Susan Gordon is not liable for repayment of the debt shown by the promissory note. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed to the appellant, Susan Gordon.
AFFIRMED.