DREW, J.
| ¶ Claimant Christopher Gilley appeals from a judgment of the Office of Workers’ Compensation, District 1-E (“OWC”), rejecting his motion for new trial. We reverse and remand for further proceedings.
FACTS
Gilley was employed doing electrical work in 2012 with Gilley Enterprises, Inc., a company that operates McDonald’s restaurants in Louisiana and Arkansas (and is, apparently, owned by Gilley’s uncle). According to Gilley, on July 22 or 23, 2012, he was installing a camera system at a McDonald’s being remodeled in El Dorado, Arkansas. He stated that he climbed up onto a safe and, as he was moving a backup power supply to the top of a cabinet, a wire that was hanging down from the ceiling came in contact with his back. Gilley said he was electrically shocked for several seconds, and has seen doctors repeatedly since the alleged incident for persistent pain in his neck and back as well as numbness.
He continued to work in his regular job for Gilley Enterprises until October 28, 2013, and thereafter performed only irregular or minor work for the company. However, he said that the employer continued to pay him through April 2014.
On September 10, 2014, Gilley filed a disputed claim for compensation against *21 Gilley Enterprises in the OWC. Citing the July 2012 accident, he claimed that he was entitled to indemnity benefits as well as penalties and attorney fees. The employer answered the claim and asserted that it did not know whether the claimant sustained an on-the-job accident. |2The claimant was initially represented by counsel, but counsel withdrew from the representation in December 2014.
Gilley filed an amended claim for compensation in January 2015 and asked for medical benefits in addition to indemnity benefits. The employer filed an amended answer and pled the defense of fraud, La. R.S. 23:1208. It alleged that Gilley did not suffer an accident and had given false testimony in an attempt to obtain benefits.
On March 6, 2015, the employer and its insurer filed a motion for summary judgment. According to the motion, which was supported by evidence, the accident could not have happened in the way the claimant described because on July 22 and 23, 2012, the electric company had not yet turned on power to the restaurant where Gilley was working. Accordingly, the movants asked the court to dismiss the claim because (1) the claimant was committing fraud, and (2) the claimant could not prove that there had been an accident.
The record does not show that the claimant made any response to the motion for summary judgment. The matter was set for a hearing on May 11, 2015, but the unrepresented claimant did not appear. After considering the employer’s argument, the WCJ granted summary judgment in the employer’s favor. On May 13, 2015, the WCJ signed a judgment dismissing Gilley’s claim with prejudice.
The record shows that the OWC mailed notice to the parties on May 13, 2015.[1] On May 22, 2015, Gilley hand-delivered a letter to the OWC Isderk asking for a new hearing. The OWC clerk file-stamped the letter as received on May 22, 2015. In his letter, Gilley said that he arrived late to the May 11, 2015, hearing due to health problems but found that the matter had already been heard. He alleged, among other things, that the wire that shocked him was hooked up to electricity from a temporary source via an extension cord, and asked for a second chance to prove his claim.
On June 10, 2015, the employer filed a motion to dismiss the request for a new hearing as untimely. The employer argued that the motion was not filed within the delay provided in La. C.C.P. art.1974 for a motion for new trial, and moreover it failed to demonstrate that a new trial was warranted.
The WCJ held a hearing on the motion to dismiss on June 22, 2015. The WCJ treated the claimant’s letter as a motion for new trial and agreed that the claimant had filed the motion on May 22, 2015, but concluded that it was untimely. The WCJ granted the employer’s motion to dismiss the motion for new trial and did not reach the merits of the motion. The claimant appealed.[2]
ANALYSIS
Pretermitting the appellant’s arguments on the merits of the dismissal of his claim, we find that the WCJ erred in dismissing *22 the claimant’s motion for new trial as untimely.
USince 2001, motions for new trial have been permitted in workers’ compensation proceedings. See La. R.S. 23:1310.5(B) and Davis v. Wal-Mart Stores, Inc., 44,621 (La.App.2d Cir.4/22/09), 11 So.3d 63, writ denied, 2009-1012 (La.6/19/09), 10 So.3d 744.
For purposes of the procedure to be employed in the OWC, where neither the Workers’ Compensation Act nor the hearing rules supply a different rule, we look to the Code of Civil Procedure generally. La. Adm. C. 40:I:6601.[3] The OWC hearing rules define “days,” when used to determine a period allowed for filing, as “the number of calendar days.” La. Adm. C. 40:Í:103(A). ’However, the rules also include a more specific provision for' motions for new trial, La. Adm. C, 40:I:6317.[4] That rule makes La. C.C.P. art.1971 et' seq. the law governing motions for new trial in the OWC.
Because La. Adm. C. 40:1:6317 makes the new trial procedure in the OWC subject to “Code of Civil Procedure Articles 1971 et seq.,” we conclude that La. C.C.P. art.1974 supplies the delay for filing a motion for new trial in the OWC, and we further conclude that the . calculation of the delay in the OWC is the same as in .an ordinary civil case.[5] The delay specified by La. C.C.P. art.1974 is seven days, exclusive of legal holidays, Rand begins the day after the mailing of notice of judgment. Because neither the Workers’ Compensation Act nor the OWC hearing rules in-elude a special definition of legal holidays, we again look to the Code of Civil Procedure. La. C.C.P. 5059 provides, in pertinent part, with emphasis added:
In computing a period of time allowed or prescribed by law or by order of court, the date- of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
A half-holiday is considered as a legal holiday. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when: (1) It is expressly excluded [.]
Legal holidays are expressly excluded when calculating the delay for filing a motion for new trial under La. C.C.P. art. 1974. Legal holidays are specified by Lá. R.S. 1:55, which provides, in emphasized part:
(E)(3) Only the enumerated holidays in Paragraph (1) of this Subsection, days of closure under Paragraph (2) of this Subsection, Mardi Gras only in those parish.es in which the governing authority of the parish declares a holiday under authority of’Subsection A(3) of this Section, and all Saturdays and' Sundays shall be considered as legal holidays for the purposes of Article 5059 of the Louisiana Code of Civil Procedure.
The OWC clerk mailed notice of judgment on May 13, 2015, which was a Wednesday. The first - day of the delay for *23 filing a motion for new trial was Thursday, May 14, 2015.. Saturday, May 16, and Sunday, May 17, were legal holidays and are not included in the computation of the delay. The delay expired on the seventh day, Friday, May 22,2015, the day that the claimant filed his request for a new hearing.
| ^Although he filed it on the last day, the claimant’s request for a new hearing was timely as a motion for new trial. In this workers’ compensation case where the unrepresented claimant was not the cause of the error, we conclude that it would not be just and proper for this Court to determine the sufficiency or merit of the claimant’s motion for new trial at this time.
DECREE
Because the WCJ did not consider the claimant’s timely motion, we reverse the judgment and remand for further proceedings.[6] Costs of this appeal are assessed to appellee Gilley Enterprises, Inc.
REVERSED AND REMANDED.

. The record includes a green certified mail receipt card for the employer but not one for the claimant.

. The claimant has included in his brief various material that is not included in the appellate record and which cannot be considered by this Court. The claimant is instructed to discontinue sending this extrajudicial material to this Court.

. A. Unless otherwise provided for in these "rules, any practice or procedure not in conflict with either the Workers’ Compensation Act or these rules will be guided by practice and procedure provided for in the Louisiana Code of Civil Procedure.

. A. A motion for new trial shall be governed by Code of Civil Procedure Articles 1971 et seq.

. See also Jones v. Gen. Motors Corp., 37,167 (La.App.2d Cir.4/9/03), 847 So.2d 6, 12, as clarified on reh'g (5/16/03), writ granted, 2003-1766 (La.11/7/03), 857 So.2d 506, rev'd in part on other grounds, 2003-1766 (La.4/30/04), 871 So.2d 1109.

. Although the claimant has the option to continue to represent himself, we observe that representation of the claimant by counsel would likely help speed this case to a final determination.