WILLIAMS, J.
| tThe plaintiff, Michelle Gauthier, appeals a summary judgment in favor of the defendant, Dollar Tree Stores, Inc. The district court determined that the merchant was not liable because the box in the aisle was an open and obvious condition that was not unreasonably dangerous. For the following reasons, we reverse and remand.
FACTS
In July 2014, Michelle Gauthier was shopping in a Dollar Tree Store located on Airline Drive in Bossier City. While walking through the store, Gauthier noticed that there were many boxes placed along the floor in each aisle. Because her shopping cart kept getting caught on boxes, she left it behind when she walked down an aisle. After she had been in the store for approximately 15 minutes, Gauthier walked down the cleaning supply aisle, which contained boxes placed on the floor along one side. After reaching for an item on a shelf, Gauthier stepped back and her foot caught on a box, causing her to fall and hit her shoulder and neck on a shelf. After falling, she saw the box was approximately three feet wide and two feet tall. A store employee completed the accident report and stated that boxes were placed in the aisle where Gauthier fell.
Subsequently, the plaintiff, Michelle Gauthier, filed a petition for damages against the defendant, Dollar Tree Stores, Inc. After discovery, the defendant filed a motion for summary judgment on the ground that the box on the floor was plainly visible and did not create an unreasonably dangerous condition. After a hearing, the district court issued oral reasons for judgment. After noting that the parties had not discussed a “costs analysis,” the court stated that maybe it was too costly for the store to have ^employees stock the shelves after hours and so the store needed to place the boxes in the aisle for stocking during business hours. The district court noted that plaintiff acknowledged in her deposition that she was aware boxes had been placed on the floor in the aisles so that “it would be reasonable to assume that she knew the box behind her was there.” The district court found that the boxes were an open and obvious defect which plaintiff should have seen and avoided in the exercise of caution while she was in the aisle. The district court granted the defendant’s motion for summary judgment and dismissed plaintiffs claims. The plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the district court erred in granting summary judgment in favor of the defendant. Plaintiff argues that summary judgment is not appropriate because an issue of material fact exists as to whether the defendant satisfied its duty to keep the aisles reasonably safe.
A merchant owes a duty to persons using his premises to exercise reasonable care to keep his aisles, floors and passageways in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage, LSA-R.S. 9:2800.6(A). A person who files a claim for injury sustained in an accident due to a condition existing on the merchant’s premises must prove that: (1) the condition presented an unreasonable risk of harm that was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the dangerous condition; and (3) the merchant failed to exercise reasonable care. LSA-R.S. 9:2800.6(B); Guerrero v. Brookshire *505 Grocery Co., 49,707 (La.App. 2 Cir. 4/29/15), 165 So.3d 1092. In determining whether a defect creates an unreasonable risk of | .-¡harm, the fact finder should apply the risk-utility balancing test, which involves consideration of (1) the utility of the condition; (2) the likelihood and magnitude of the harm, including the obviousness of the condition; (3) the cost of preventing the harm; and (4) the social utility of plaintiffs activity. Broussard v. Office of State Buildings, 2012-1238 (La. 4/5/13), 113 So.3d 175.
Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Argonaut Great Central Ins. Co. v. Hammett, 44,308 (La.App. 2 Cir. 6/3/09), 13 So.3d 1209, writ denied, 2009-1491 (La. 10/2/09), 18 So.3d 122; Whitaker v. City of Bossier City, 35,972 (La.App. 2 Cir. 4/5/02), 813 So.2d 1269. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
The burden of proof remains with the mover. However, if the mover will not bear the burden of proof at trial on the matter before the court, then the mover is not required to negate every essential element of the adverse party’s claim, action or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim or defense. If the adverse party fails to produce factual support to show that he will be able to satisfy his evidentiary burden of proof at trial, then there is no genuine issue of material fact. LSA-C.C.P. art. 966(C).
In the present case, the parties submitted the deposition of Michelle Gau-thier, who testified that while shopping in the defendant’s store, she |4noticed there were boxes placed in the aisles. Gauthier stated that in some places the boxes made pushing the shopping cart difficult so she left the cart to walk down the aisle that contained cleaning supplies. She testified that there were some boxes placed along one side of that aisle. Gauthier stated that midway down the aisle, she stopped and reached above her head to get an item from a shelf. Gauthier testified that as she took a step back from the shelf, her foot hit a box that was on the floor behind her, she fell onto the box and hit her neck on a shelf. Gauthier stated that she did not realize there was a box that close to her when she reached for the item. Gauthier testified that she had not seen that specific box on which she tripped before her fall and that she did not look down before stepping back from the shelf.
The record also contains the deposition of Elaine Patterson, an assistant manager at the defendant’s store. Patterson testified that at the time of the accident she was working as a stocker, but did not see the plaintiff fall. Patterson stated that workers had placed boxes in the aisle that day for stocking merchandise on the shelves. Patterson testified that she may have previously seen the document that included the defendant’s safety procedures instructing workers to keep the store aisles clear at all times. Patterson acknowledged that despite this instruction, the store’s workers continued to leave boxes of merchandise in the aisles for stocking the shelves.
The defendant argues that because the box on which plaintiff tripped was visible and she was aware the merchant had placed numerous boxes throughout the aisles, the condition that caused the acci *506 dent was open and obvious. Defendant asserts that such an obvious object is not unreasonably dangerous and the store is not liable, as was found in the cases of Rodriguez v. Dolgencorp, LLC, 2014-1725 (La. 11/14/14), 152 So.3d 871 and Russell v. Morgan’s Bestway of Louisiana, LLC, 47,914 (La.App. 2 Cir. 4/10/13), 113 So.3d 448. However, the factual situation in each of those cases can be distinguished from that of the present case. The Rodriguez case involved a shopper who tripped on the wheel of a shopping cart in the parking lot. In Russell, the shopper did not recall how she fell but thought she tripped on the waist-high stocking cart. In those cases, the shopper had seen the object before falling. Here, in contrast, the box on the floor was smaller than the objects involved in those other cases and plaintiff did not see the box before tripping. Plaintiff presented evidence showing that store employees routinely place boxes of merchandise on the floor of the aisles, contrary to defendant’s own policy that workers keep aisles clear to avoid creating such tripping hazards. Although there is utility in having workers stock products on the shelves, Patterson could not identify any particular reason why the boxes of merchandise had to be left on the floor until the goods were stocked.
In granting summary judgment, the district court found that because plaintiff was aware boxes had been placed in the aisles she knew the box behind her was there. However, such a finding is contrary to the plaintiffs deposition testimony and to this court’s decision in Guerrero, supra, which also involved a shopper who tripped on a box after reaching for an item. In Guem-ro, this court found that the presence of other boxes in the aisle did not negate the fact that the shopper, distracted in her search for a product on a shelf, momentarily lost track of the box at her feet and tripped. The court concluded that in such circumstances, the obstacle was not open and obvious. In addition, the district court’s determination in this case required [fian assessment of the evidence that is not the role of the court on summary judgment.
Based upon this record, the plaintiff produced sufficient evidence to create a genuine issue of material fact as to whether defendant’s practice of intentionally placing boxes of merchandise on the floor in the path of shoppers is a reasonable manner of satisfying its statutory duty to keep the aisles and floors in a safe condition. Further, a material issue of fact exists as to whether the box on the floor in a location where the plaintiffs attention was drawn to the items on the shelves creates an unreasonable risk of harm. The fact finder will need to weigh the evidence and apply the risk-utility analysis to determine whether the defendant breached its duty to exercise reasonable care to keep the premises free of hazardous conditions. Consequently, we conclude the district court erred in granting the defendant’s motion for summary judgment.
CONCLUSION
For the foregoing reasons, the district court’s judgment is reversed and this matter is remanded for further proceedings. Costs of this appeal are assessed to the appellee, Dollar Tree Stores, Inc.
REVERSED AND REMANDED.