GARRETT, J.
hThe plaintiff, Christopher Gilley, appeals from a decision by the workers’ compensation judge (“WCJ”) denying his motion for new trial, which objected to the grant of summary judgment in favor of the defendant, Gilley Enterprises, Inc. (“Gilley Enterprises”), and its insurer, Liberty Mutual Insurance Company (“Liberty Mutual”). For the following reasons, we affirm.
FACTS
Gilley was employed with Gilley Enterprises, a business which operates McDonald’s restaurants and is ovimed by his uncle. On July 22, 2012, Gilley was installing a'camera system in a restaurant that was being rebuilt in El Dorado, Arkansas. He alleged that he came into contact with a live electrical wire hanging from the ceiling. The wire was to be used for a ceiling light. Gilley claimed the wire touched his neck and back, sending an electrical shock through his body. He was standing on a safe at the time, and stated that he stepped backward off the safe. He sought medical attention, complaining of pain in his neck, back, and ankle. He performed his regular job duties through September or October, 2013. Thereafter, he worked irregularly, doing consulting work for the company. Gilley was paid by Gilley Enterprises through April 30, 2014.
On September 10, 2014, Gilley filed a disputed claim for compensation, asserting that he was injured while working and was entitled to temporary total disability (“TTD”) benefits or, in the alternative, to supplemental earnings benefits (“SEBs”) from May 1, 2014, to present, along with penalties and attorney fees.
1 aGilley Enterprises, represented by Liberty Mutual, answered and asserted that if Gilley was injured, he had recovered, and any disability was the result of degenerative processes. The company claimed that Gilley was capable of working.
On December 3, 2014, Gilley’s attorney withdrew.[1] On January 5, 2015, Gilley, representing himself, filed an amended claim asking for medical benefits, as well as indemnity benefits. Gilley Enterprises filed an amended answer asserting the affirmative defense of fraud, claiming that Gilley was not injured and that he gave false testimony to obtain benefits.
On March 6, 2015, Gilley Enterprises filed a motion for summary judgment noting that Gilley alleged that he was injured by contact with a live electrical wire. However, the company provided proof that there was no electricity supplying power to the wire at the time of the alleged accident. It submitted the affidavit of Jerry Edwards, the electrician who supervised the electrical work at the restaurant. He was aware that Gilley claimed to have been injured by contact with a live electrical wire; however, there was no electricity connected to the building until July 31, *889 2012. According to Edwards, there was a temporary power source, but it was a closed circuit power supply that was completely isolated from the building’s electrical system. Edwards concluded that it was impossible for Gilley to have been injured as he claimed. The company also provided an affidavit from Steve H. Morgan, engineering associate and distribution lead for the southwest region at Entergy, the electrical utility company serving the area. Morgan! ¾ stated that the electric power had been removed from the site and was reconnected on July 31, 2012.
Gilley Enterprises also submitted proof that Gilley did not sustain any injury. Medical records showed that Gilley saw Dr. Ronald Woods at Glenwood Family Practice on July 24, 2012, complaining of neck, ear, and low back pain. He said he had been shocked by an electrical wire the day before. Dr. Woods found no traumatic injuries. An MRI of Gilley’s cervical spine was normal. An MRI of his lumbar spine showed only degenerative disease with no acute injury. Records from Bienville Medical Center on August 7, 2012, found that there was no injury, swelling, or burn marks on Gilley. In October 2014, Dr. Gordon Mead was unable to substantiate any of Gilley’s complaints.
At the hearing on the motion held on May 11, 2015, Gilley did not appear. The WCJ determined from the record that on March 25, 2015, Gilley was notified to appear for the hearing. After hearing arguments presented by the employer’s counsel and reviewing the evidence submitted in support of the motion, the WCJ granted the summary judgment in open court. On May 13, 2015, the WCJ signed a judgment in favor of Gilley Enterprises and Liberty Mutual, dismissing Gilley’s claims with prejudice.
On May 22, 2015, Gilley delivered a two-page typewritten letter to the WCJ asking for a new hearing. The long, rambling letter included an apology for being “late and absent” from the hearing on the motion for summary judgment due to health problems. Gilley disputed the claim that there was no electricity connected to the wiring in the building at the time 0⅛4 his alleged injury. The WCJ construed the letter as a motion for new trial and set the motion for a hearing.[2]
Gilley Enterprises filed a motion to dismiss the motion for new trial as untimely. A hearing was held in June 2015, and Gilley appeared, unrepresented by counsel. He stated that he had not been able to find a lawyer to take his ease. The WCJ- dismissed the motion for new trial as untimely, noting that, according to La. C.C.P. art. 1974, the delay for applying for a motion for new trial is seven days, exclusive of legal holidays, and begins to run the day after the mailing of notice of judgment.[3] The WCJ erroneously reasoned that Sat *890 urdays and Sundays are not legal holidays. Gilley appealed; this court reversed, finding that the motion for new trial was timely, and remanded the matter for consideration of the merits. See Gilley v. Gilley Enters., Inc., 50,562 (La.App. 2 Cir. 4/13/16), 195 So.3d 20.
A hearing on remand was scheduled for May 16, 2016. Gilley appeared and stated that he wanted a lawyer to represent him and asked for time to find one. The WCJ granted his request.
lBOn July 25, 2016, the hearing was held on the motion for new trial. Gilley appeared, unrepresented by counsel, and stated that he decided it was best that he represent himself. He argued that there was temporary power to the building, but claimed that Ernest Edwards, the electrician who actually worked on the job, would not give him an affidavit because he was afraid he would get into trouble. Gilley attacked the credibility of Jerry Edwards, the electrician who gave an affidavit in favor of Gilley Enterprises, claiming he was “on probation for not meeting—the right credentials at his work.” He offered no proof of this allegation. Gilley stated he had bills from Entergy for approximately $100 for each month that temporary power was used at the job site.
Gilley presented an affidavit from Joe Poland, someone he claimed was familiar with the McDonald’s work site. Poland said that he saw exposed electrical wires in the restaurant. The WCJ read a portion of the affidavit into the record which stated, “There were extension cords, strips and wired [sic] into lights in the ceiling of McDonalds with no type of tape or wire-net.” The WCJ observed that Poland “doesn’t say that he was a witness to the fact that there was electricity there.”
Gilley urged that he had extensive proof that he had a serious injury. He claimed that, for two years after the alleged injury, he was not treated properly because he did not know that the electric shock caused his symptoms. He stated that his dentist told him he had nerve damage from the alleged injury. Gilley claimed he had a letter from a doctor he had seen at Johns Hopkins Hospital (“Johns Hopkins”) who dealt with electrical shock injuries. Gilley maintained that another doctor at Johns Hopkins did testing and determined that he had “sear tissue from the injury.” Gilley asserted^ that he had seen a neurologist who told him he had “neurological and nerve damage” and diagnosed him with post-traumatic stress disorder. He stated that he had undergone a functional capacity examination and a mental evaluation.
Gilley Enterprises argued that the medical reports, electric bills, affidavit, and other information supplied by Gilley were all generated well before the hearing on the motion for summary judgment in May 2015. The company urged that everything being put forth by Gilley in support of his motion for new trial was known to all the parties for several years.
The WCJ questioned Gilley about Poland’s affidavit. Gilley stated that he had known Poland for a long time and had no reasonable explanation as to why he could not have offered the affidavit at the hearing on the motion for summary judgment.
The WCJ determined that Poland’s affidavit did not refute the affidavits of Edwards and Morgan submitted by Gilley Enterprises. The WCJ found that the affidavits previously submitted by Gilley Enterprises supported the granting of summary judgment, and particularly noted that Morgan’s affidavit stated that electric power was not restored to the restaurant until July 31, 2012, several days after Gil-ley alleged he was injured.
The WCJ determined that the evidence Gilley attempted to rely on was discover *891 able prior to the hearing date for the motion for summary judgment. The WCJ found that the prior grant of summary judgment, in favor of Gilley Enterprises, was proper. On August 2, 2016, the WCJ signed a judgment denying the motion for new trial with prejudice.
17Gilley appeals again and is representing himself. Due to his lack of finances, Gilley was granted a waiver of payment of advance costs by the WCJ. He filed a brief which listed several assignments of error. Essentially, Gilley contends that he was denied due process when the WCJ held a hearing on the motion for summary judgment when he was not present or represented by counsel; that the WCJ erred in granting summary judgment in favor of Gilley Enterprises, denying his claim for indemnity and medical benefits; and that the WCJ erred in denying his claim for a new trial.[4] Gilley did not include any argument on those issues and simply stated that he requested that the decision of the WCJ be reversed and a new trial be granted to “allow constitutional rights for his due process to plea [sic] his case.”
OBJECTIONS TO GILLEY’S BRIEF
Gilley Enterprises raises several objections to Gilley’s brief, claiming it does not comply with URCA 2-12.4.[5] The company urges that Gilley’s |8brief failed to reference specific page numbers in the brief. Further, because Gilley failed to brief any of his listed assignments of error, the assignments have been abandoned and should not be considered on appeal.
Even though it is clear that Gilley’s brief does not comply with the requirements of URCA Rule 2-12.4, when a workers’ compensation claimant is proceeding without counsel, courts will consider the brief, attempt to divine the substance of the arguments, and treat them as properly raised, despite the improper form of the appellate brief. See Cheatham v. Luberski, Inc., 43,603 (La.App. 2 Cir. 9/17/08), 996 So.2d 373; Sheridan v. Pride & Hope Ministry Family Support Servs., 2013-1666 (La.App. 1 Cir. 5/2/14), 147 So.3d 717; Franklin v. Slidell Police Dep’t, 2012-0539 (La.App. 1 Cir. 12/31/12), 112 So.3d 257, writ denied, 2013-0471 (La. 4/5/13), 110 So.3d 592; Richardson v. North Oaks *892 Hosp., 2011-1258 (La.App. 1 Cir. 2/13/12), 91 So.3d 361; Hunter v. Rapides Par. Sch. Bd., 2014-490 (La.App. 3 Cir. 11/5/14), 150 So.3d 638; Carsice v. Empire Janitorial, 2008-0741 (La.App. 4 Cir. 12/17/08), 2 So.3d 553, writ denied, 2009-0097 (La. 3/13/09), 5 So.3d 123; Machado v. Baker Concrete Const., 13-273 (La.App. 5 Cir. 10/30/13), 128 So.3d 477. Therefore, we decline to consider Gilley’s arguments to be abandoned.
DUE PROCESS CLAIMS
IflGilley essentially urges that he was denied due process when the WCJ held a hearing on the motion for summary judgment when he was not present' or represented by counsel.[6] These arguments are without merit.
Legal Principles
Under La. C.C.P. art. 966, dealing with motions for summary judgment, any judgment rendered in accordance therewith must be based on proof by the mover that he is entitled to judgment pursuant to substantive law. However, courts have consistently found that the mover must also show that he has secured the judgment in accordance with the procedural law in order to have the summary judgment upheld on appeal. Macaluso v. Macaluso, 1999-0935 (La.App. 1 Cir. 5/12/00), 762 So.2d 180; Hornage v. Cleco Power, L.L.C., 2004-1492 (La.App. 3 Cir. 4/6/05), 899 So.2d 153.
At .the time Gilley Enterprises filed its motion for summary judgment, La. C.C.P. art. 966 provided, in pertinent part:
B. (1) The motion for summary judgment, memorandum in support thereof, afi'd supporting affidavits shall be served within the timelimits provided in District Court Rule 9,9, For good cause, the court shall give the adverse party additional. time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any 'memorandum in support. thereof shall be served pursuant tojin Article 1313 within the time limits provided in District Court Rule 9.9.[7]
Also at that time, La. Dist. Ct. R. 9.9 specified, in pertinent part:
(b) When a party files an exception or motion, that party shall concurrently furnish the trial judge and serve on all other parties a supporting memorandum that cites both the relevant facts and applicable law. The memorandum shall be served on all other parties so that it is received by the other parties at least fifteen calendar- days before the hearing, unless the court sets a shorter time.
(c) A party who opposes an exception or motion shall concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least *893 eight calendar days before the scheduled hearing. The opposition memorandum shall be served on all other parties so that it is received by the other parties at least eight calendar days before the hearing, unless the court sets a shorter time.[8]
The requirement of La. C.C.P. art. 966 that the motion for summary judgment be served a specified length of time before the hearing is designed to give fair notice of the evidentiary and legal bases for the motion. The adverse party then has time to respond with evidentiary documentation of his own, either in the form of affidavits or discovery devices and to be prepared to meet the legal argument of the moving party. See Anderson v. Allstate Ins. Co., 642 So.2d 208 (La. App. 1 Cir. 1994), writ denied, 1994-2400 (La. 11/29/94), 646 So.2d 404; Stewart v. Carter, 33,203 (La.App. 2 Cir. 5/10/00), 759 So.2d 297; Jackson v. General Motors Truck Plant, 36,479 (La. App. 2 Cir. 10/23/02), 830 So.2d 426.
Procedural due process requires an opportunity to be heard, in addition to notice of the pendency of an action, and in conjunction therewith, Inadequate notice of the hearing is fundamental. Lassere v. State, Dep’t of Health & Hosps., Office of Pub. Health, 2000-0306 (La.App. 1 Cir. 3/28/01), 808 So.2d 513; Macaluso v. Macaluso, supra. It is a basic principle of our legal system that a final judgment cannot be rendered against a party who has not been provided with proper notice. Macaluso v. Macaluso, supra.
The Louisiana workers’ compensation statutes dictate that each party to an OWC proceeding shall have the right to be present at any hearing or to appear through an attorney. La. R.S. 23:1317; Davis v. Dunn & Bush Const., 2001-2472 (La.App. 1 Cir. 8/20/03), 859 So.2d 155.
Discussion
Gilley has failed to demonstrate that he was denied due process. The motion for summary judgment was filed March 6, 2015. The record shows that Gilley was properly served and notified of the hearing date, as required by La. C.C.P. art. 966. The original hearing date was upset and the motion was reset for May 11, 2015. Gilley was properly notified of the new hearing date. Gilley failed to appear when the matter was called. Before proceeding with the hearing, the WCJ checked the record and determined that Gilley had received proper notice. The letter later sent by Gilley to the WCJ acknowledges that he was fully aware of the May 11, 2015 court date.
At the original hearing on the motion for new trial, Gilley’s failure to appear at the hearing on the motion for summary judgment was discussed. The WCJ again noted for the record that Gilley had official notice of the hearing on,, the motion for summary judgment. The WCJ also noted that the dispute resolution officer with the Office of Workers’ Compensation had spoken to Gilley the day before the hearing to remind him to be present. 112Gilley claimed he called the OWC on the morning of the hearing and informed someone that he was “running late.” He contended that, by the time he arrived, his case had already been called.
Gilley’s assertions were self-serving and not corroborated by any personnel at the OWC.'There is no showing that Gilley asked for a continuance of the hearing. Further, his letter, sent to the court after the grant of summary judgment and which was construed as a motion for new trial, did not say that he asked for a delay or continuance or that he was told that the *894 matter would be taken up later that day on the court’s docket. There is no showing that, in connection with that hearing, Gilley made any request for additional time to seek counsel. Here, the litigant simply failed to appear for a hearing, after receiving proper notice, and failed to offer a credible excuse for his failure. Further, there is no showing that Gilley’s right to be represented by counsel was infringed in any way. When the motion for new trial came before the WCJ following the remand order by this court, the WCJ granted Gilley additional time to secure counsel. He did not do so and elected to proceed without counsel. Under all these circumstances, Gilley’s contention that his due process rights were violated is without merit.
MOTION FOR SUMMARY JUDGMENT
Gilley essentially argues that the WCJ erred in granting the motion for summary judgment and in failing to award him wages and medical benefits.[9] These arguments are without merit.
11sLegal Principles
Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Gauthier v. Dollar Tree Stores, Inc., 50,936 (La.App. 2 Cir. 10/21/16), 208 So.3d 503, writ denied, 2016-2047 (La. 1/9/17). A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). Samaha v. Rau, 2007-1726 (La. 2/26/08), 977 So.2d 880; Sonnier v. Gordon, 50,513 (La.App. 2 Cir. 4/13/16), 194 So.3d 47.
Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.
The moving party bears the burden of proof. However, if the movant will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, the movant is not required to negate all essential elements of the adverse party’s claim, action, or defense. He need only point out an absence of factual support for one or more essential elements of the adverse party’s claim, action or defense. If the adverse party then fails to produce factual support sufficient to establish that he will beju able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact and summary judgment is appropriate. La. C.C.P. art. 966.
An adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or other appropriate summary judgment evidence, must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967; Samaha v. Rau, supra.
*895 This provision initially places the burden of producing evidence at the hearing on the motion for summary judgment on the mover, who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent’s case. Samaha v. Rau, supra. At that point, the party who bears the burden of persuasion at trial must come forth with evidence which demonstrates he or she will be able to meet the burden at trial. Once the motion for summary judgment has been properly supported by the moving party, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion. Samaha v. Rau, supra; Sonnier v. Gordon, supra.
Discussion
Gilley Enterprises showed that there was no genuine issue of material fact and the company was entitled to judgment as a matter of law. Gilley claimed that he was injured through contact with a live electrical wire. The company provided the affidavits of Edwards and Morgan that the electrical supply to the building was removed completely and not restored until July 31, 2012. The alleged accident occurred on July 22, 2012, several days before electrical power was connected to the building. In the affidavit given by Edwards, he stated that the workers’ tools were powered by a closed] ^circuit power supply that was not connected to the electrical wiring in the building. Gilley Enterprises also submitted medical records showing that Gilley was not injured.
Gilley did not file any opposition to the motion for summary judgment. Although he argued that Edwards was not credible, he offered nothing to show that the affidavit testimony should not be believed. Gilley failed to demonstrate that there was a genuine issue of material fact as to whether the wire he claimed caused his alleged injury was electrified. Further, he offered no proof that he sustained an injury. Under these circumstances, Gilley has not shown that he would be able to satisfy his evidentiary burden of proof. Like the WCJ, we find that granting summary judgment in favor of Gilley Enterprises was proper.
MOTION FOR NEW TRIAL
Gilley essentially asserts that the WCJ erred in denying his claim for a new trial.[10] This argument is also without merit.
Legal Principles
Generally, new trials are granted in the interest of justice and are largely left to the discretion of the trial judge. Trial courts are vested with the power to grant new trials on either discretionary or peremptory grounds. Smith v. Alliance Compressors, 2005-855 (La.App. 3 Cir. 2/1/06), 922 So.2d 674.
11fiRegarding motions for new trial, La. C.C.P. art. 1971 states:
A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.
*896 La. C.C.P. art. 1972, dealing with peremptory grounds for a new trial, provides in part:
A new trial shall be granted, upon contradictory motion of any party, in-the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
To justify a new trial under La. C.C.P. art. 1972, the newly discovered evidence must not only relate to the cause of the case, it must also be important enough to potentially affect the outcome. Washington v. Landry’s Seafood House New Orleans, Inc., 2014-0128 (La.App. 4 Cir. 11/19/14), 154 So.3d 677. This article requires a party" seeking its benefit to demonstrate that it has done all that is reasonable to lead to timely discovery of the evidence. McGhee v. Wallace Drennan, Inc., 2004-0950 (La.App. 4 Cir. 4/20/05), 904 So.2d 3.
 In order to meet his or her burden of proof on a motion for hew trial on the basis of newly discovered evidence, the moving party must prove: ' (1) that the evidence was discovered after the trial; (2) that the new evidence is not cumulative; (3)that the new evidence would tend to change the result of the case; and (4) that the new evidence could not have been discovered with due diligence before the trial was completed. State in Interest of G.M.A., 2016-405 (La.App. 3 Cir. 9/28/16), 201 So.3d 1014, writ denied, 2016-1945 (La. 11/18/16), 210 So.3d 290. See also Winford Co., Inc. v. Webster Gravel & Asphalt, Inc., 571 So.2d 802 (La. App. 2 Cir. 1990); Furlough v. Union Pac. R.R. Co., 33,658 (La.App. 2 Cir. 8/31/00), 766 So.2d 751, writ denied, 2000-2929 (La. 1/12/01), 781 So.2d 556.
La. C.C.P. art. 1973 provides for discretionary grounds for new trial and states that' a new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law. This has been interpreted to mean that, when the trial judge is convinced by his examination of the facts that- the judgment would result in a miscarriage of justice, a new trial should be ordered. Smith v. Alliance Compressors, supra.
Appellate review of the grant or denial of a motion for new trial under La. C.C.P. arts. 1972 and 1973. is governed by the abuse of discretion standard, which prohibits this court from reversing the actions of a trial court unless an abuse of discretion can be demonstrated. Smith v. Alliance Compressors, supra.
Discussion
Gilley has failed to show that he was entitled .to a new trial under the peremptory grounds of La. C.C.P. art. 1972 or the discretionary grounds of La. C.C.P. art. 1973. In support of his request for a new trial, Gilley argued that he could not get an affidavit from Ernest Edwards and made unfounded attacks on the credibility •of Jerry Edwards, Gilley offered the affidavit of Joe Poland, but that affidavit did not state that any temporary power supply .or other power sourcé was connected to the wiring in the building. Gilley also sought to submit electric bills for the supplemental power used during construction.
| isln support of his claim that he was injured in the alleged accident, Gilley offered hearsay from his dentist, and claimed that he had letters, not affidavits, from various doctors at Johns Hopkins. He also claimed he had been evaluated by a neurologist and a psychologist. None of *897 these items were filed into evidence or proffered; therefore, they are not in the record for review.
The WCJ found that all these items failed to qualify as newly discovered evidence because they were known by Gilley prior to the hearing on the motion for summary judgment. We ñnd no abuse of discretion in that decision. Further, Gilley has failed to show that any other good grounds exist for the granting of a new trial. Gilley received notice of the summary judgment proceedings and had ample and unimpeded opportunity to present his case at that time. He simply failed to take advantage of that opportunity and is not now entitled to a new trial.[11]
CONCLUSION
For the reasons stated above, we affirm the decision of the WCJ granting summary judgment in favor of the defendant, Gilley Enterprises, and its insurer, Liberty Mutual, dismissing with prejudice the claims of thej ip plaintiff, Christopher Gilley, and denying the motion for new trial filed by him. All costs in this court are assessed to Christopher Gilley.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, MOORE, LOLLEY, GARRETT and STONE, JJ.
Rehearing denied.

. The motion and order by the attorney to withdraw stated that Gilley refused to follow his advice and contacted opposing counsel when he had been told not to do so.

. The beginning portion of the letter reads as follows:
I, Christopher M Gilley, would like to ask you for a new hearing please. On May 11,1 truly apologize on being late and absent for the previous hearing. Not being a person for giving excuses because it's not things people like hearing when you are required to be on time, especially for one of the most important moments in one's life! That Monday morning I was having stomach pains then started regurgitating in return, triggering my entire body to be in excruciating pain. The next day pouring milk for cereal, it looked really bad (not able to smell well anymore), then I noticed an expiration date February 25th. Not often I have pity for myself, but that was sad.

. La. C.C.P. art. 1974 provides:
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the. notice of judgment as required by Article 1913.

. Normally, a judgment denying a motion for new trial is an interlocutory ruling and not an appealable judgment. However, courts consider the appeal of a denial of a motion for new trial as an appeal of the judgment on the merits when it is clear that the intent was to appeal the merits of the case. Harter v. Harter, 50,942 (La.App. 2 Cir. 11/10/16), 208 So.3d 971; 9029 Jefferson Highway, L.L.C. v. S & D Roofing, L.L.C., 15-686 (La. App. 5 Cir. 2/24/160), 187 So.3d 522.

. Louisiana URCA 2-12.4 provides in part:
A. The brief of the appellant shall contain, under appropriate headings and in the order indicated;
[[Image here]]
(5) assignments of alleged errors;
(6) a listing of issues presented for review;
(7) a statement of facts relevant to the assignments of error and issues for review, with references to the specific page numbers of the record;
(8) a short summary of the argument, i.e., a succinct, clear and accurate statement of the arguments made in the body of the brief;
(9) the argument, which shall contain:
(a) appellant’s contentions, with reference to the specific page numbers of the record and citations to the authorities on which the appellant relies
[[Image here]]
B. (3) The court may disregard the argument on an assignment of error or issue for review if suitable reference to the specific page numbers of the record is not made. (4) All assignments of error and issues for review must be briefed. The court may consider as abandoned any assignment of error or issue for review which has not been briefed.

. Gilley’s assignments of error one, two, and five, purporting to complain of lack of due process, read as follows:
(1) The trial court held a hearing without Christopher Gilley or an attorney in his presence.
(2) The trial court did not postpone or delay hearing for Christopher Gilley, or temporary [sic] delay after a request. Was told his case would be put behind another case, but the trial for Christopher Gilley was taken first,
(5) The trial court did not proceed with due process in allowing claimant to plea [sic] his case in a trial hearing.

. We note that La. C.C.P. art. 966 was amended by La. Acts 2015, No. 422. The Act states that its provisions shall not apply to any motion for summary judgment pending adjudication or on appeal on the effective date of Act, January 1, 2016.

. La. Dist. Ct. R. 9.9 was also amended, effective January 1, 2016.

. Gilley’s assignments of error three and four read as follows:
(3) The trial court did not order the employer to pay for Christopher Gilley’s wages and medical treatments.
(4) The trial court held a hearing for motion summary judgment [sic] when the motion was taken on false affidavit given by Jerry Edwards Electric.

. Gilley’s assignment of error six reads as follows:
(6) The trial court denied a new trial request by Christopher Gilley, Evidence of medical reports or Entergy bills were not allowed when a hearing trial was given when Mr. Gilley requested a new trial in place of where his original hearing took place without him present,

. On April 24, 2017, Gilley filed what appears to be a reply brief and attached documents he seeks to have recognized as evidence in this case. The documents were not presented to the WCJ and were not filed into evidence below. URCA 2-12,7 provides, in part, that the reply brief of an appellant shall be filed not later than 10 calendar days after the appellee’s brief is filed. Gilley Enterprises timely filed its brief on February 16, 2017. This matter was submitted for decision by this court on the April 2017 docket, which was heard April 3-5, 2017, Gilley did not file a motion for leave of court to be allowed to submit an untimely reply brief. Gilley's untimely brief and the attachments are not properly before this court for review and have not been considered in the decision of this case.