hPEATROSS, J.
Plaintiff, Cornelius Jackson, appeals from a judgment of the Office of Workers’ Compensation (“OWC”) dismissing his claim for compensation as prescribed. For the following reasons, we reverse and remand.

FACTS

Mr. Jackson was employed in 1999 by General Motors Corporation (“GM”) at the truck assembly plant in Shreveport. According to the disputed claim for compensation form LDOL 1008, filed on April 9, 2001, Mr. Jackson was at work using a machine to lift an engine on February 9, 1999, when he “pull[ed] something in [his] back.” Mr. Jackson further stated that the employer denied his claim for compensation and paid him nothing for his injury. At the time Mr. Jackson filed his complaint, he lived in Alabama, but has since moved to Georgia.
Simultaneously with filing his 1008, Mr. Jackson wrote a letter to the OWC that stated, in part (verbatim):
Dear Sir or Madam:
I am sure, will filed this before. Please search your records in Baton Rouge, Etc. But when we called to check on it even there in Shreveport, they said they had not record one. Please check diligently for me, because I know I filed this Workers Comp before right after I was denied....
Mr. Jackson was not represented by an attorney when he filed his disputed claim for compensation. GM answered the claim and denied knowledge that Mr. Jackson was injured in an accident; GM subsequently filed a pre-trial statement reasserting that Mr. Jackson was not injured in an accident. In November 2001, the OWC fixed February 21, 2002, as the date for the trial.
|2In a letter received by the OWC on February 4, 2002, Mr. Jackson asked the OWC for a continuance because he was trying to obtain legal representation and he was also trying to obtain certified medical records and subpoena doctors. Before the OWC ruled on Mr. Jackson’s motion, GM filed a motion for summary judgment and urged that Mr. Jackson’s claim should be dismissed as prescribed. The motion asked that the OWC hear the motion prior to the February 21, 2002 trial date and the mover certified that the motion and supporting memorandum were mailed to Mr. Jackson. On February 8, 2002, the Worker’s Compensation Judge (“WCJ”) fixed the motion for summary judgment for hearing on February 21, 2002. Although every other order in the record from the OWC to Mr. Jackson is accompanied in the record by a certified mail receipt showing that it was delivered to the claimant, nothing in the record affirmatively shows that Mr. Jackson received the order fixing the motion for summary judgment for hearing on February 21, 2002. The minute entry from February 7, 2002, states:
MOTION & ORDER FOR SUMMARY JUDGMENT WITH MEMORANDUM IN SUPPORT OF SAME FILED ON BEHALF OF GENERAL MOTORS THROUGH ATTORNEY OF RECORD, J. MARTIN LATTIER (FACSIMILE COPY FILED 02/06/02) HEARING SET FOR 02/21/02
The minute entry makes no mention that notice of the hearing date was sent to Mr. Jackson.
On February 19, 2002, the WCJ granted Mr. Jackson’s motion for a trial continuance with an order that reads:
LON THE PLAINTIFF’S MOTION,
IT IS ORDERED that the trial set for (sic) 21st day of February, 2002 be reset for the 21st day of June, 2002 at 9:30 a.m....
*428 Like the other orders, this order is accompanied by a certified mail receipt in the record showing that it was delivered to Mr. Jackson.
According to the minutes of court, on February 20, 2002, the following occurred:
NOTICE OF POSTPONEMENT AND RESETTING OF HEARING ON MOTION FOR SUMMARY JUDGMENT TO 03/11/02 AT 1:00 P.M. AT THE REQUEST OF ALL PARTIES.
No order in the record reflects that the hearing was refixed or indicates that “all parties” requested the refixing of the hearing to March 11, 2002, and again no evidence appears in the record that Mr. Jackson received notice of this date. The certified mail receipt of the only notice mailed on February 20, 2002, bears the notation that the notice was of “trial cont” and does not reference refixing of the motion for summary judgment.
On March 11, 2002, GM’s motion for summary judgment was heard by the WCJ. Neither Mr. Jackson nor any representative on his behalf was present. The judge noted (apparently from the court minutes quoted above) that “notice was forwarded to all parties on February 20 of the year 2002” and “as evidenced by the Court notice, notice would have gone out to Cornelius Jackson....” The court heard argument from GM that Mr. Jackson claimed to have suffered his accident in February 1999, yet he failed to file his claim within a year of the accident despite receiving no compensation benefits. The court stated its intent to grant the motion because |4Mr. Jackson’s claim had prescribed on its face; and, on March 18, 2002, the judge signed a judgment dismissing Mr. Jackson’s claim with prejudice. Mr. Jackson, with retained counsel, now appeals.

DISCUSSION

On appeal, Mr. Jackson argues that he received no notice of the fixing of the hearing on the motion for summary judgment for March 11, 2002, and that the notice he received of the refixing of the trial date until June 21, 2002, led him to believe that no action on his part was needed prior to that date.
At the time of the OWC’s ruling, La. C.C.P. art. 966 provided:
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
The subsequent amendments to the article are not relevant to the issue before the court. This court has reversed summary judgments in cases where the appellant was served with notice of the hearing less than ten days prior to the hearing. See Stewart v. Carter, 33,203 (La.App.2d Cir.5/10/00), 759 So.2d 297, where this court, citing Anderson v. Allstate Insurance Company, 93-1102 (La.App. 1st Cir.4/8/94), 642 So.2d 208, 213, writ denied, 94-2400 (La.11/29/94), 646 So.2d 404, discussed the purpose for the ten-day period between service and hearing of the motion for summary judgment:
1 sThe requirement of La. C.C.P. art. 966(B) that the motion for summary judgment be served at least ten days before the time specified for the hearing is designed to give fair notice of the evidentiary and legal bases for the motion. The adverse party then has time *429 to respond with evidentiary documentation of his own, either in the form of affidavits or discovery devices, and to be prepared to meet the legal argument of the moving party.
In the instant case, there is no evidence of record to show that Mr. Jackson received any notice of either the original date or the rescheduled date for the hearing on the motion for summary judgment. The minute entry from February 20, 2002, indicates that notice of the rescheduled hearing was sent to Mr. Jackson; but, as previously stated, the certified mail receipt notes a notice of trial continuance only was contained in the envelope. Assuming ar-guendo, however, that Mr. Jackson did receive notice of the refixing of the hearing on the motion, such notice alone would not have been sufficient to allow this judgment to stand. In Richardson ex rel. Brown v. Lagniappe Hospital Corp., 33,-378 (La.App.2d Cir.6/21/00), 801 So.2d 386, on rehearing, this court observed:
The law requires that a party must be served with the motion for summary judgment and its attachments ten days before a hearing on the matter. La. C.C.P. art. 966. Service of only a motion to reschedule a motion for summary judgment is not sufficient. See La. C.C.P. art. 2594 and Chaney v. Coastal Cargo, Inc., 98-1902 (La.App. 4th Cir.1/20/99), 730 So.2d 971.
The minute entry from February 7, 2002, does not indicate that notice was sent to Mr. Jackson that the motion for summary judgment had been filed and was set for a hearing. The absence of notice to Mr. Jackson amounts to a denial of his procedural due process right to be heard. Compare Macaluso ┴6v. Macaluso, 99-0935 (La. App. 1st Cir.5/12/00), 762 So.2d 180 and see also La. C.C.P. art.2002.

CONCLUSION

For the reasons stated herein, the ruling of the Office of Workers’ Compensation is reversed and this matter is remanded for further proceedings. Costs of this appeal are assessed to General Motors Corporation.
REVERSED AND REMANDED.