MICHAEL E. KIRBY, Judge.
| xPlaintiff, John Miller, appeals the trial court judgments granting summary judgment in favor of defendant, Crescent City Health Care Center, and denying plaintiffs motion for new trial and/or to annul judgment. For reasons that follow, we vacate the summary judgment granted in favor of defendant, and remand this matter to the trial court for further proceedings.
This medical malpractice lawsuit began when plaintiff filed a petition for damages against the defendant on June 8, 2007. The portion of the lawsuit relevant to the instant appeal involves a motion for summary judgment filed by defendant on January 14, 2008. In this motion, defendant asked for summary judgment to be granted in its favor due to plaintiffs failure to produce any expert witness in support of a cause of action against the defendant, as required by La. R.S. 9:2794. Following a hearing on August 1, 2008, the trial court granted summary judgment in favor of defendant in a judgment dated September 25, 2008. Plaintiff subsequently filed a motion for new trial and/or to annul the judgment, arguing that he was not provided with sufficient notice of the hearing date for [2defendant’s motion for summary judgment, and that, as a result, he was denied due process of law. The trial court denied plaintiffs motion for new trial and/or to annul judgment, and this appeal followed.
On appeal, plaintiff first argues that the trial court erred when it granted defendant’s motion for summary judgment even though plaintiff was not served with notice of the hearing date for that motion. The record reveals that the hearing on the motion for summary judgment was initially set to be heard on February 29, 2008. Plaintiff does not dispute that he was served with notice of the February 29, 2008, hearing date. On February 29, 2008, defendant filed a motion to reset the hearing on the motion for April 4, 2008. Plaintiff then filed a motion to continue the April 4, 2008, hearing date. The motion was granted, and the matter was reset for *221 hearing on April 25, 2008. On April 25, 2008, the trial court issued an order resetting the hearing for June 6, 2008. At the bottom of that order, a section was init-ialled on behalf of plaintiffs counsel, indicating that he agreed to waive notice of the order.
On June 5, 2008, the defendant filed an unopposed motion to reset the hearing on its motion for summary judgment for July 11, 2008. In the motion, defense counsel noted that plaintiffs counsel had no objection to continuing the hearing to July 11, 2008. The order submitted by the defendant included the requested hearing date of July 11, 2008, and the statement, “All Parties Waive Service.” The trial court’s minute clerk signed the order, but struck through the |srequested hearing date of July 11, 2008, and set the hearing instead for August 1, 2008.
On July 28, 2008, plaintiff filed a motion to continue the hearing scheduled for August 1, 2008, stating that he would be unable to attend a hearing on that date because of a previously planned family vacation. Plaintiffs counsel said he first learned of the August 1, 2008 hearing date when he was checking the district court’s website on July 28, 2008. He said that while he did not oppose the defendant’s request to continue the June 6, 2008 hearing until July 11, 2008, he did not agree to the August 1, 2008 date, and, in fact, was never asked about that date by defense counsel. The trial court denied plaintiffs motion to continue, and held the hearing on August 1, 2008, without plaintiffs counsel present.
After the trial court continued the hearing until August 1, 2008 instead of July 11, 2008, as requested by defendant, defense counsel sent a letter to plaintiffs counsel on June 9, 2008, advising that the hearing date had been changed to August 1, 2008, and that plaintiffs counsel would receive no other notice concerning the changed date. There is no evidence in the record showing that plaintiff was served with notice of the August 1, 2008 hearing date, or that plaintiff received defense counsel’s letter of June 9, 2008.
The party who has moved for summary judgment must show that he has secured the judgment in accordance with the procedural law in order to have the summary judgment upheld on appeal. Macaluso v. Macaluso, 99-0935, p. 5 (La.App. 1 Cir. 5/12/00), 762 So.2d 180, 183. “Procedural due process requires an | opportunity to be heard, in addition to notice of the pendency of an action, and in conjunction therewith, adequate notice of the hearing is fundamental.” Id., p. 6, 762 So.2d at 183, citing Zachary Taylor Post No. 3784 v. Riley, 481 So.2d 699, 701 (La. App. 1 Cir.1985). As noted in Chaney v. Coastal Cargo, Inc., 98-1902, p. 4 (La.App. 4 Cir. 1/20/99), 730 So.2d 971, 973, “[i]t is a basic principle of our legal system that a final judgment cannot be rendered against a party who has not been provided with proper notice.” (Emphasis ours.)
Based on the record before us, we conclude that plaintiff did not receive proper notice that the hearing on defendant’s motion for summary judgment had been continued until August 1, 2008. It is undisputed that plaintiff was not served with notice of this hearing date. While there is evidence showing that plaintiff waived notice of an earlier order setting the hearing for June 6, 2008, and that plaintiff agreed to defendant’s request to continue the hearing until July 11, 2008, there is no evidence establishing that plaintiff waived notice of the order that substituted August 1, 2008, as the hearing date instead of the requested date of July 11, 2008. Similarly, there is no evidence that plaintiffs waiver of notice of the order setting the hearing *222 for June 6, 2008, was intended to apply to any future orders.
We find no merit in defendant’s argument that plaintiff was provided with notice of the August 1, 2008, hearing date through defense counsel’s letter of June 9, 2008. There is no evidence in the record establishing that plaintiffs counsel ever received that letter. We also find no merit in defendant’s argument | athat even if this matter were remanded on the issue of proper notice, the judgment on defendant’s motion for summary judgment would be the same because plaintiff does not have the requisite expert testimony necessary to satisfy his burden of proof in this matter. See Lassere v. State, Department of Health & Hospitals, Office of Public Health, 2000-0306, (La.App. 1 Cir. 8/28/01), 808 So.2d 513, 518, (“[t]he strength of an opponent’s case on the merits does not outweigh the procedural protections afforded to the opponent of summary judgment.”)
Based on our finding that the plaintiff did not receive proper notice of the hearing held on August 1, 2008, we hereby vacate the trial court judgment granting summary judgment in favor of the defendant. Because of our ruling on the notice issue, we need not address plaintiffs remaining assignments of error. This case is remanded to the trial court for further proceedings.
VACATED AND REMANDED