| | | |
|---|---|---|
| **DON A. ROUZAN** | * | NO. 2020-CA-0240 |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **IVY SAIZAN ROUZAN** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2011-11460, DIVISION "B"
Honorable Rachael D. Johnson, Judge

\* \* \* \* \* \*

**Judge Joy Cossich Lobrano**

\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins,
Judge Regina Bartholomew-Woods)

Don A. Rouzan
DON A. ROUZAN & ASSOCIATES, LLC
6600 Plaza Drive, Suite 200
New Orleans, LA 70127

    PLAINTIFF/APPELLEE, IN PROPER PERSON

Claudia P. Santoyo
ATTORNEY AT LAW
2901 Ridgelake Drive, Suite 205
Metairie, LA 70002

    COUNSEL FOR DEFENDANT/APPELLANT

**VACATED AND REMANDED**

**SEPTEMBER 30, 2020**

This is a child custody case. Appellant, Ivy Saizan Rouzan ("Mother"), appeals the October 29, 2019 judgment of the district court, which modified the interim custody judgment and awarded joint custody and co-domiciliary status to both parents. For the reasons that follow, we vacate and remand.

Appellee, Don A. Rouzan ("Father"), and Mother were married in 1998 and divorced in 2012. Three children were born of the marriage, who are now teenagers.[1] On April 3, 2018, more than five years after the parties' divorce, the district court rendered an interim custody judgment awarding Mother and Father joint custody, naming Mother as domiciliary parent, and setting forth an interim physical custody and holiday visitation schedule. The district court continued its hearing on permanent custody pending completion of a custody evaluation.

On December 10, 2018, Father filed a motion for status conference concerning the custody evaluation. A status conference was scheduled on January 24, 2019 and then continued to March 14, 2019 on Father's motion. In a March 18, 2019 order, the district court appointed Dr. Lucinda DeGrange ("Dr. DeGrange"),

---

[1] During the pendency of this appeal, the oldest child turned eighteen years of age.

a licensed psychologist, as the custody evaluator and required the parties to contact Dr. DeGrange within seven days of the status conference to begin the custody evaluation process.

On March 25, 2019, Mother filed a motion to enroll new counsel and a request for notice of trial or hearing.

On July 22, 2019, Father filed a new motion for status conference. On July 30, 2019, the district court ordered two status conferences scheduled in two different divisions of the court. The first status conference was set on August 26, 2019 at 10:00 a.m. in Division B to address the findings of the custody evaluation, to set pre-trial deadlines, and to select a trial date. The second status conference was set later on the same day, on August 26, 2019 at 1:30 p.m., in Division E to address the status of the sale of the family home, to set pre-trial deadlines, and to select a trial date.

In their briefs, Mother and Father both represent that the status conference actually went forward two days later, on August 28, 2019, where the parties met with the presiding judge, then the minute clerk to select a trial date. Mother and Father provide differing accounts of this meeting with the minute clerk, and they dispute whether a custody hearing date was selected and whether the parties waived notice of the hearing date. The record contains no order resetting the status conference to August 28, 2019, no minutes or orders documenting any actions taken at this status conference, no scheduling order, no order setting the custody hearing, no notice of hearing or trial, and no waiver of notice or service.

The record contains a subpoena duces tecum dated October 14, 2019 that was directed to Dr. DeGrange, commanding her in-court appearance to testify on October 29, 2019. The subpoena is stamped as "received" by the Orleans Parish Sheriff's Office on October 16, 2019, but it contains no information that it was served on anyone.

On October 29, 2019, Father appeared in court. Father is an attorney and was representing himself at that time. Neither Mother nor her counsel was present. The transcript reflects a discussion between Father and the district court judge of their mutual understanding that a custody hearing was set on that day. According to this colloquy, a status conference was held on August 28, 2019, where the minute clerk provided both parties with a hearing date. The district court judge indicated from the bench that "this has been on the docket since August of this year" and that, prior to starting the hearing, the judge's staff had called Mother's attorney's office and was unable to reach anyone.

According to the transcript, the district court wanted to take testimony from Dr. DeGrange, who was subpoenaed and was present in court. The custody evaluation report prepared by Dr. DeGrange is not a part of the record, though the district judge stated from the bench that she had read the report and was familiar with its contents.

No exhibits were introduced into evidence. Father was not sworn as a witness, but he provided argument to the district court. Dr. DeGrange was the only witness to give sworn testimony. In that testimony, Dr. DeGrange recommended

3

that Mother remain the domiciliary parent. She also recommended that the parents share joint equal custody and alternate physical custody each week, though she also recommended more flexibility with the oldest child's custody schedule. Dr. DeGrange testified that her recommendation was in the best interest of the children and the family unit.

At the conclusion of the hearing, the district court judge stated in open court that she would adopt Dr. DeGrange's recommendations, except for domiciliary status, and that she would appoint both Mother and Father as co-domiciliary parents and order a parenting coordinator for one year. On October 29, 2019, the district court rendered judgment containing the following language:

> This matter came before the Court on the 29th day of October, 2019, pursuant to [Mother's] Petition to Establish Custody. On August 28, 2019, [Mother's] counsel and [Father] appeared for a status conference with the Court. During this conference, both [Mother's] counsel and [Father] received notice and waived service of the October 29, 2019 hearing date.
> …
> The Court, after considering the law, the entire record, and the testimony of [Father] and Dr. Lucinda DeGrange, and believing this order to be in the best interest of the child, renders the following Judgment:

The judgment awarded Mother and Father joint custody of the children and designated Mother and Father as co-domiciliary parents. The district court ordered that, for one year, in the event that Mother and Father cannot agree upon a decision regarding the children, the parties bring the issue to a parenting coordinator for resolution. For the two younger children, the district court ordered a split custody schedule with each parent exercising custody on a "week on / week off basis." The

4

district court ordered that the oldest child be allowed to live with the parent of his choice.[2]

This appeal followed, in which Mother set forth the following assignments of error:

1.    The judgment "violated the restrictions of [La. C.C.P. arts.] 1572, 1913 and 1914 in that it failed to provide, as requested, written notice of the trial date of October 29, 2019, which was not waived by [Mother's] counsel."

2.    The judgment is "contrary to the uncontradicted testimony of the custody evaluator in this matter."

"Every child custody case must be viewed based on its own particular facts and relationships involved, with the goal of determining what is in the best interest of the child." *Jaligam v. Pochampally*, 16-0249, p. 6 (La. App. 4 Cir. 12/7/16), 206 So.3d 298, 303 (citation omitted). Ordinarily, courts of appeal review child custody decisions under the abuse of discretion standard. *Id.*, 16-0249, p. 5, 206 So.3d at 302. "The abuse of discretion standard is highly deferential, but a court necessarily abuses its discretion if its ruling is based on an erroneous view of the law." *LCR-M Ltd. P'ship v. Jim Hotard Properties, L.L.C.*, 13-0483, p. 9 (La. App. 4 Cir. 10/9/13), 126 So.3d 668, 675 (citing *United States v. Taylor*, 487 U.S. 326, 336, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988)(noting that discretionary choices are not left to a court's inclination, but to its judgment, which is guided by sound legal principles))(other citations omitted).

The threshold issue on appeal is whether Mother was provided with adequate notice of the custody hearing. "[I]t is a basic principle of our legal system

---

[2] The judgment also sets forth numerous co-parenting guidelines and holiday visitation.

that a final judgment cannot be rendered against a party who has not been provided with proper notice." *Miller v. Crescent City Health Care Ctr.*, 11-0403, p. 4 (La. App. 4 Cir. 11/9/11), 78 So.3d 219, 221 (quoting *Chaney v. Coastal Cargo, Inc.*, 98-1902, p. 4 (La. App. 4 Cir. 1/20/99), 730 So.2d 971, 973). Moreover, "[p]rocedural due process requires an opportunity to be heard," and "adequate notice of the hearing is fundamental." *Miller*, 11-0403, pp. 3-4, 78 So.3d at 221 (citations omitted).

Mother argues that the district court erred in proceeding with the custody hearing without her presence or the presence of her attorney, after failing to give the parties written notice of the hearing. According to Mother, at the August 28, 2019 status conference, the minute clerk provided the parties with three potential hearing dates, rather than any firm date. Mother concedes that the first of these dates was October 29, 2019, which would have been a second setting. Nevertheless, Mother contends that she filed a request for notice of hearing pursuant to La. C.C.P. art. 1572, and she was entitled to, and was awaiting, written notice of hearing from the district court. She denies that she waived notice of the hearing date. Conversely, Father argues that, during the status conference, Mother's attorney supplied October 29, 2019, as an available date for the hearing, along with two "backup" dates. According to Father, both parties agreed to appear in court on October 29, 2019, and waived further notice of the hearing. He contends that the onus was on Mother's attorney to confirm with the district court that the custody hearing was set to move forward.

The Louisiana Code of Civil Procedure and local rules of the district court govern pre-trial and scheduling conferences and notice of hearing or trial. In particular, La. C.C.P. art. 1551(B) mandates that the district court "shall render an order which recites the action taken" at a pre-trial and scheduling conference, and that "[s]uch order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." With respect to hearing and trial dates, La. C.C.P. art. 1571 provides that "[t]he district courts shall prescribe the procedure for assigning cases for trial, by rules which shall: (a) [r]equire adequate notice of trial to all parties…"

In the Civil District Court of the Parish of Orleans, Local Rule 9.14 specifies the district court's procedure – that dates selected at a status conference are memorialized in a scheduling order signed by the parties and the court – as follows:

> … after the completion of a sufficient amount of discovery that allows the lawyers/parties to reasonably anticipate the length of the trial, any party may seek a status conference for the purpose of selecting a trial date appropriately in the future, as well as cut off dates for witness lists, expert reports, and discovery. At this status conference, a date for a pre-trial conference to occur shortly before trial may also be selected. The dates selected will be reduced to a scheduling order signed the by parties and the court.

La. C.C.P. art. 1572 also governs a party's request for notice of trial and a limited waiver of notice:

> The clerk shall give written notice of the date of the trial whenever a written request therefor is filed in the record or is made by registered mail by a party or counsel of record. This notice shall be mailed by the clerk, by certified mail, properly stamped and addressed, at least ten days before the date fixed for the trial. The provisions of this

7

article may be waived by all counsel of record at a pre-trial conference.

As described herein, the record on appeal contains no scheduling order, no order setting a custody hearing, no notice of hearing or trial served on the parties, and no evidence of a written or transcribed waiver of notice or service. Although Father contends – and the district court found – that Mother and Father received notice of the custody hearing and waived service during the status conference, the record contains nothing to show that the district court ordered the parties to appear on October 29, 2019, or that the parties agreed to waive notice of the hearing.

This Court has concluded that a litigant's "procedural due process rights were violated by the rendition of [] judgment against them" where there was "no record support for a finding by the trial judge that the defendants were given notice of trial." *LCR-M Ltd. P'ship*, 13-0483, pp. 8-9, 126 So.3d at 674. Consequently, this Court has vacated numerous judgments where the record lacked evidence of notice of the hearing or any waiver of the litigant's notice of the hearing. *See, e.g., id.; Miller*, 11-0403, pp. 3-4, 78 So.3d at 221; *Hicks v. Schouest*, 381 So.2d 977, 978 (La. App. 4th Cir. 1980). *See also Edwards v. Edwards*, 614 So.2d 725, 727 (La. App. 5th Cir. 1993); *Allmon v. Allmon, unpub.*, 13-0754, pp. 4-5, 2013 WL 5177183 (La. App. 1 Cir. 9/13/13). Under the facts before us on appeal, we are constrained to reach the same result. We find that the district court abused its discretion in rendering judgment without any record support of proper notice of hearing provided to Mother or her counsel. The October 29, 2019 judgment must be vacated and remanded.

Accordingly, for the reasons set forth in this opinion, we vacate the October 29, 2019 judgment and remand to the district court for further proceedings consistent with this opinion.

**VACATED AND REMANDED**