STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 1087

STATE FARM FIRE AND CASUALTY COMPANY
AS SUBROGEE OF KENNETH E. SCHUYLER

VERSUS

DEAN FLORES REAL ESTATE, LLC,
ABSOLUTE CONSTRUCTION OF LOUISIANA, LLC
AND XYZ INSURANCE COMPANY

Decision Rendered: **MAY 1 2 2021**

* * * * * * *

ON APPEAL FROM THE
21st JUDICIAL DISTRICT COURT
LIVINGSTON PARISH, LOUISIANA
DOCKET NUMBER 161,536, DIVISION "C"

HONORABLE ROBERT H. MORRISON, JUDGE

* * * * * * *

| | |
|---|---|
| Blake E. Oakes<br>Metairie, Louisiana | Attorney for Plaintiff/Appellant<br>State Farm Fire and Casualty Company |
| Jodi A. Moscona<br>Baton Rouge, Louisiana | Attorney for Defendant/Appellee<br>Dean Flores Real Estate, LLC |
| Timothy W. Hassinger<br>Kelsey L. Bonnaffons<br>Mandeville, Louisiana | Attorneys for Defendant<br>Absolute Construction of Louisiana, LLC |

**BEFORE: McDONALD, HOLDRIDGE, and PENZATO, JJ.**

Penzato, J. Concurs

Holdridge J. concurs w/ reasons

**McDONALD, J.**

State Farm Fire and Casualty Company (State Farm) appeals from a partial summary judgment rendered against it, which dismissed its claims against Dean Flores Real Estate, LLC, now known as Dean and Co. Real Estate, LLC (Dean). State Farm contends it did not receive notice of the subject summary judgment hearing and, as such, the summary judgment against it violates procedural due process. Finding the appeal has merit, we reverse and remand.

## FACTUAL AND PROCEDURAL HISTORY

State Farm's insured, Kenneth E. Schuyler, contracted with Dean to manage a rental house he owned in Denham Springs, Louisiana. In November 2016, Mr. Schuyler contracted with Absolute Construction of LA, LLC (Absolute) to renovate the house after it was damaged by floodwaters. A little over a year later, in February 2018, a hard freeze affected the Denham Springs area, and a pipe in the house's attic burst causing substantial water damage to the house. Mr. Schuyler filed a claim with State Farm, and State Farm paid to have the house repaired.

In December 2018, State Farm, as Mr. Schuyler's subrogee, filed a petition for damages against Dean, Absolute, and Absolute's not yet named insurer, to recover the amounts it paid to repair Mr. Schuyler's house after the freeze. State Farm alleged Dean and Absolute each had breached a duty to make sure the water pipes in the house's attic were properly winterized. Dean and Absolute separately answered the petition and filed exceptions. In September 2019, the trial court denied Dean's exceptions pleading prescription and no right of action.

In February 2020, Dean filed a motion for summary judgment seeking dismissal of State Farm's claims against it, and the trial court signed an order setting the motion for hearing on April 20, 2020. According to an April 20th minute entry, the trial court continued the hearing to June 8, 2020 due to the Covid-19 pandemic; the minute entry does not indicate, nor does the record show, that the parties were notified of the rescheduled hearing date. On June 8, 2020, the trial court held the rescheduled hearing, at which Dean, the movant, was the only represented party.

2

On June 10, 2020, the trial court signed a judgment granting the partial summary judgment dismissing State Farm's claims against Dean and dismissing the matter as to Dean with prejudice.[1] The clerk of court mailed notice of the judgment to counsel for State Farm, Dean, and Absolute on June 11, 2020. Four days later, a legal assistant to Absolute's counsel emailed State Farm's counsel asking if the summary judgment hearing had been continued. Janieka "Jennie" V. Smith-Howard, State Farm's then counsel, responded that she understood all matters had been postponed due to court closures from Covid-19, and she "wasn't aware a judgment was issued since we did not have a hearing on the matter."

On June 17, 2020, State Farm filed a motion for new trial and to set aside the June 10th judgment. Ms. Smith-Howard attached her own affidavit to the motion, attesting that she did not receive the trial court's Notice of Rule re-setting Dean's motion for summary judgment for hearing on June 8, 2020. Dean opposed the motion, contending it had received the court's notice of the rescheduled June 8th hearing via U.S. mail and noting that it had never received State Farm's opposition to its motion for summary judgment. The trial court held a hearing on State Farm's motion for new trial on July 27, 2020. Counsel for Dean and State Farm were present at the hearing; State Farm was represented by local counsel, not by Ms. Smith-Howard, who is licensed to practice law in Louisiana, but represented State Farm in this matter from Cleveland, Ohio. Although the record does not contain a transcript of the July 27th hearing, the pertinent minute entry indicates the trial court had its clerk verify that State Farm had indeed been notified via mail with a Notice of Rule of the June 8th hearing, that the trial court read the Notice of Rule on the record, and then made it a part of the record. As noted, however, the appellate record does not contain the referenced Notice of Rule. In any event, according to the minute entry, the trial court ended the July 27th hearing by denying State Farm's motion for new trial and to set aside the June 10th judgment. State Farm appeals the summary judgment dismissing its claims against Dean,

---

[1] Although the judgment dismisses "all claims" against Dean, without mentioning whose claims those are, State Farm is the sole plaintiff and the only party who filed claims against Dean. We also note that State Farm's claims against Absolute and any insurer are not at issue in this appeal.

contending the trial court violated State Farm's procedural due process rights and erred in denying State Farm's motion for new trial and to set aside the June 10, 2020 judgment.

## DISCUSSION

Louisiana Code of Civil Procedure Article 966 sets forth the substantive and procedural requirements for properly attaining summary judgment. Pertinent herein, La. C.C.P. art. 966C provides:

> (1) Unless otherwise agreed to by all of the parties and the court:
>
> (a) A contradictory hearing on the motion for summary judgment shall be set not less than thirty days after the filing and not less than thirty days prior to the trial date.
>
> (b) Notice of the hearing date shall be served on all parties in accordance with Article 1313(C) or 1314 not less than thirty days prior to the hearing.

Added by 2015 La. Acts No. 422, §1, La. C.C.P. art. 966C requires that, unless the parties and court agree otherwise: (1) a motion for summary judgment *shall* be set for hearing at least 30 days after filing; (2) notice of the date of the hearing *shall* be served in accordance with La. C.C.P. arts. 1313C[2] (by registered mail, certified mail, or commercial courier) or 1314[3] (by the sheriff) at least 30 days before the hearing; and (3) the hearing on the motion *shall* be set at least 30 days prior to the trial date. *Dehart v. Jones,* 18-764 (La. App. 3 Cir. 3/27/19), 269 So.3d 801, 804-05. The legislature's use of the term "shall" renders all of these temporal prerequisites

---

[2] Louisiana Code of Civil Procedure article 1313C provides: "Notwithstanding Paragraph A of this Article, if a pleading or order sets a court date, then service shall be made either by registered or certified mail or as provided in Article 1314, or by actual delivery by a commercial courier."

[3] Louisiana Code of Civil Procedure article 1314 provides:

> A. A pleading which is required to be served, but which may not be served under Article 1313, shall be served by the sheriff by either of the following:
> (1) Service on the adverse party in any manner permitted under Articles 1231 through 1266.
> (2)(a) Personal service on the counsel of record of the adverse party or delivery of a copy of the pleading to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.
> (b) Except as otherwise provided in Article 2293, service may not be made on the counsel of record after a final judgment terminating or disposing of all issues litigated has been rendered, the delays for appeal have lapsed, and no timely appeal has been taken.
>
> B. Personal service on a partner or office associate of a counsel of record, including a secretary, receptionist, legal staff, administrative staff, or paralegal in the employ of the counsel of record, at the office address of record of the counsel of record shall constitute valid service under Paragraph A of this Article.

4

mandatory, unless otherwise agreed by all the parties and the court. *See Dehart,* 269 So.3d at 805, *quoting* La. R.S. 1:3 ("The word 'shall' is mandatory ... ."). Moreover, procedural due process requires an opportunity to be heard, notice of the pendency of an action, and in conjunction therewith, adequate notice of the summary judgment hearing is fundamental. *Acadian Properties Northshore, L.L.C. v. Fitzmorris,* 17-0424 (La. App. 1 Cir. 11/1/17), 234 So.3d 927, 934. These requirements apply to originally scheduled hearings and to rescheduled hearings. *E.g., see Dehart,* 269 So.3d at 805; *Miller v. Crescent City Health Care Center,* 11-0403 (La. App. 4 Cir. 11/9/11), 78 So.3d 219, 221; *Jackson v. General Motors Truck Plant,* 36,479 (La. App. 2 Cir. 10/23/02), 830 So.2d 426, 429. Thus, in addition to proof that the mover is entitled to judgment under the substantive law, courts have consistently found that the mover must also show that he has secured the judgment in accordance with the procedural law to have the summary judgment upheld on appeal. *See Macaluso v. Macaluso,* 99-0935 (La. App. 1 Cir. 5/12/00), 762 So.2d 180, 182-83; *Gilley v. Gilley Enterprises, Inc.,* 51,328 (La. App. 2 Cir. 5/2/17), 222 So.3d 885, 892; *Hornage v. CLECO Power, L.L.C.,* 04-1492 (La. App. 3 Cir. 4/6/05), 899 So.2d 153, 155; *Miller,* 78 So.3d at 221; *Roman v. LRASIF Claims Mgmt.,* 11-393 (La. App. 5 Cir. 12/13/11), 81 So.3d 895, 899.

This court reviews a summary judgment *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate; and, we review the denial of a motion for new trial along with our review of the summary judgment. *See Williams v. Mosley,* 19-0578 (La. App. 1 Cir. 1/9/20), 294 So.3d 1060, 1062. When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, such as the denial of a motion for new trial, in addition to the review of the final judgment. The standard of review of a denial of a motion for new trial, whether on peremptory or discretionary grounds, is that of abuse of discretion. A new trial shall be granted when the judgment appears clearly contrary to the law and the evidence. La. C.C.P. art. 1972. *See Hicks v. USAA Gen. Indem. Co.,* 19-0552 (La. App. 1 Cir. 3/25/21); *Jackson v. Wise,* 17-1062 (La. App. 1 Cir. 4/13/18), 249 So.3d 845, 856-57.

5

Upon our *de novo* review here, we conclude the appellate record does not clearly demonstrate that the trial court complied with La. C.C.P. art. 966's requirements for notifying State Farm of the June 8, 2020 hearing date. The minute entry from the trial court's July 27, 2020 hearing on the motion for new trial states:

> This matter appeared on the civil rules docket for the purpose of Motion for New Trial and to Set Aside Judgment. Present in court were [State Farm's] counsel, Ms. Deandra K. Peterson, and [Dean's] counsel, Mr. Jodi Moscona. Ms. Peterson made an argument. The Court addressed Counsels. The Court requested the Clerk to clarify if [State Farm] received notice of the June 8, 2020 Court date. The Clerk clarified [State Farm] was notified via mail with a Notice of Rule. The Court read the Notice of Rule on the record. The Court made the notice part of the record and denied the Motion for New Trial and to Set Aside Judgment.

Although the minute entry indicates the Clerk notified State Farm "via mail," such does not specify that the Clerk used registered mail, certified mail, or a commercial courier, as mandated by La. C.C.P. arts. 966C and 1313C. And, although the minute entry indicates the trial court "made the notice part of the record," the appellate record does not actually include the trial court's Notice of Rule to State Farm. Lastly, although the minute entry indicates the trial court "read the Notice of Rule on the record," the appellate record does not include a transcript from the July 27th hearing documenting what the trial court actually read. Thus, we are unable to verify from the notice itself or from a transcript whether the trial court's notice to State Farm was procedurally proper.

As the summary judgment movant, Dean had the burden to prove its entitlement to summary judgment on the merits, as well as to show the judgment was secured in accordance with La. C.C.P. art. 966. *See Macaluso,* 762 So.2d at 183. Based on *our de novo* review, we find Dean failed to show that it secured the judgment in accordance with procedural law. *Id.* Because of the due process implications inherent here, we conclude that the June 10, 2020 judgment dismissing State Farm's claims against Dean, and the July 27, 2020 ruling denying State Farm's motion for new trial, cannot stand; the trial court abused its discretion in denying State Farm's motion for new trial.

## CONCLUSION

We reverse the June 10, 2020 partial summary judgment dismissing all claims against Dean Flores Real Estate, LLC, now known as Dean and Co. Real Estate, LLC.

We remand this matter for further proceedings consistent with this opinion. We assess appeal costs against Dean Flores Real Estate, LLC, now known as Dean and Co. Real Estate, LLC.

**REVERSED AND REMANDED.**

STATE FARM FIRE AND
CASUALTY COMPANY AS
SUBROGEE OF KENNETH E.
SCHUYLER

VERSUS

DEAN FLORES REAL ESTATE, LLC,
ABSOLUTE CONSTRUCTION OF
LOUISIANA, LLC AND XYZ INSURANCE
COMPANY

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 1087



**HOLDRIDGE, J., concurs.**

I respectfully concur in this case. Under La. C.C.P. art. 1973, "[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." In this case, the trial court abused its discretion in not granting the plaintiff's motion for new trial. The hearing on the motion for summary judgment took place in the middle of the COVID-19 pandemic in Louisiana. The attorney for State Farm alleged in her affidavit attached to her motion for new trial that she did not receive the notice re-setting the hearing date, which was sent by regular mail by the clerk of court. This fact alone was sufficient to mandate that the trial court vacate the judgment granting the summary judgment and re-set the hearing on the defendant's motion for summary judgment. Therefore, I find that the trial judge abused his discretion in not granting the new trial in light of the extremely difficult times experienced by all attorneys and parties during the pandemic, the erratic and delayed regular mail service at the time notice was mailed, and the affidavit of the attorney that she did not receive the notice of the hearing.