| | | |
|---|---|---|
| **DENISE GARIBALDI, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN FALLYN JACKSON AND JAYLA JACKSON** | * | **NO. 2024-CA-0197** |
| | * | |
| | | **COURT OF APPEAL** |
| | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| **VERSUS** | | **STATE OF LOUISIANA** |
| | * * * * * * * | |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, SUSAN PHILLIPS, GLEN D. WOOD, AND JOHN DOE** | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-02108, DIVISION "F-14"
Honorable Jennifer M. Medley
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Rachael D. Johnson)

Albert A. Thibodeaux
DAVILLIER LAW GROUP, LLC
935 Gravier Street, Suite 1702
New Orleans, LA 70112
    COUNSEL FOR PLAINTIFFS/APPELLANTS

Scott A. Cannon
Shannon M. Livermore
Ryan P. Gregoire
CANNON & LIVERMORE, LLC
122 Village Street
Slidell, LA 70458

Charles S. Green, Jr.
Andrew M. Maestri
BEAHM & GREEN
145 Allen Toussaint Blvd., Suite 400
New Orleans, LA 70124
    COUNSEL FOR DEFENDANTS/APPELLEES

**VACATED AND REMANDED**

**FEBRUARY 3, 2025**

JCL

RML

RDJ

This is a tort case. Plaintiffs/appellants, Denise Garibaldi, individually and on behalf of her minor children Fallyn Jackson and Jayla Jackson (collectively, "Garibaldi"), appeal two summary judgments. The summary judgment rendered on May 19, 2023 dismissed all claims against defendants/appellees, State Farm Mutual Automobile Insurance Company, Susan Phillips, and Michael Weaver.[1] The summary judgment rendered on May 22, 2023 dismissed all claims against defendants/appellees, Progressive Security Insurance Company and Michael Weaver, and overruled Garibaldi's exception of insufficiency of service of process. For the reasons that follow, we vacate both judgments, and we remand this matter to the district court for further proceedings.

This litigation arises from an alleged hit-and-run motor vehicle accident on February 27, 2015, wherein Garibaldi's vehicle was rear-ended by a silver 2012 Mercedes Benz E350, bearing Louisiana License Plate No. YQR790, driven by an

---

[1] Michael Weaver, the alleged driver, is represented both by counsel for State Farm Mutual Automobile Insurance Company and by counsel for Progressive Security Insurance Company. As described herein, Garibaldi alleges that both insurers provide Michael Weaver with insurance coverage, and accordingly, both insurers and their alleged insureds filed motions for summary judgment seeking dismissal of the claims against them.

unidentified middle-aged white male. Garibaldi alleged that she and her two minor children passengers sustained personal injuries in the accident. On February 29, 2016, Garibaldi filed a petition for damages in the district court, in which she alleged that the Mercedes was owned by Susan Phillips ("Phillips") and insured by State Farm Mutual Automobile Insurance Company ("State Farm"). Initially, another individual, Glen Wood, was named as the driver, but was voluntarily dismissed on July 10, 2017. In a first supplemental and amending petition, Garibaldi also named State Farm as a defendant in State Farm's capacity as Garibaldi's uninsured/underinsured motorist carrier. On May 18, 2018, Garibaldi filed a second supplemental and amending petition for damages alleging that Michael Weaver ("Weaver"), who lived with Phillips at the time of the accident, was the driver of the Mercedes. On August 14, 2020, Garibaldi filed a third supplemental and amending petition, alleging that Progressive Casualty Insurance Company ("Progressive") provided insurance coverage to Weaver at the time of the accident.

On February 27, 2023, Phillips, Weaver, and State Farm jointly filed a motion for summary judgment (the "State Farm Motion"), arguing that Garibaldi has no evidence that an accident occurred or that Weaver, Phillips, or Phillips's automobile were involved in the accident. On the same day, the district court signed a rule to show cause setting the hearing on April 13, 2023. Phillips, Weaver, and State Farm filed an affidavit of service, reflecting that the State Farm Motion was served on Garibaldi on March 1, 2023.

On March 10, 2023, Weaver and Progressive jointly filed a separate motion for summary judgment (the "Progressive Motion"), arguing that Garibaldi has no evidence that Weaver was driving a vehicle owned by Phillips on/about February 27, 2015 and was involved in an accident with Garibaldi and her children on that date. On March 10, 2023, Progressive and Weaver served Garibaldi via email with the Progressive Motion, which contained an unsigned show cause order purporting to schedule the hearing on April 13, 2023, the same date as the State Farm Motion hearing. According to Progressive and Weaver, they attempted to direct their show cause order to a duty judge because of a court building closure due to fire. Ultimately, the district court signed the show cause order on March 22, 2023, setting the hearing on April 13, 2023, and the sheriff served Garibaldi with the signed show cause order on March 30, 2023.

On March 26, 2023, Garibaldi filed oppositions to both summary judgment motions and an exception of insufficiency of service of process in response to the Progressive Motion, arguing that Garibaldi was not served with notice of the hearing thirty days before the hearing.

Neither hearing went forward on April 13, 2023. In their briefs, the defendants/appellees assert that the parties participated in a Zoom teleconference on April 13, 2023 at which the district court's law clerk advised the parties that the hearings were rescheduled to April 28, 2023. The record contains no minutes or transcript of any such April 13, 2023 proceeding. On April 17, 2023, the district court served the parties via email with an order, which, on the court's own motion,

continued the hearings on the Progressive Motion and Garibaldi's exception of insufficiency of service of process to April 28, 2023. No order re-setting the State Farm Motion hearing is contained in the record on appeal.

Nevertheless, on April 28, 2023, hearings went forward on both summary judgment motions and Garibaldi's exception. On May 19, 2023, the district court rendered judgment granting the State Farm Motion and dismissing all claims against State Farm, Phillips, and Weaver. On May 22, 2023, the district court rendered judgment overruling Garibaldi's exception of insufficiency of service of process, granting the Progressive Motion, and dismissing all claims against Progressive and Weaver. On May 20, 2023, Garibaldi filed a motion for new trial. The motion was set for hearing on July 12, 2023, and on September 14, 2023, the district court denied the motion for new trial. This appeal followed.

The narrow, threshold issue this Court must address is whether Garibaldi was provided with the mandatory notice of the summary judgment hearing.[2] "Summary judgment proceedings 'are governed by statutorily-set deadlines,

---

[2] Garibaldi raises three assignments of error as follows:

> 1. The trial court erred in overruling the exception of insufficiency of service of process and proceeding to conduct a hearing on the defendants' motion for summary judgment in violation of the mandatory service of notice of the hearing date requirements provide[d] by Article 966(C)(1)(b).

> 2. The trial court erred in issuing an order on its motion that on its face did not comply with the mandatory notice and service mandated by Article 966(C)(1)(b).

> 3. The Plaintiffs' memorandum in opposition to the Defendants' motions for summary judgment presented evidence that satisfied its evidentiary burden; accordingly, the trial court erred in granting the Defendants' motions for summary judgment.

require citation, specific burdens of proof, the filing of specific supporting documentation, and a noticed contradictory hearing.' " *Walker v. Brown*, 24-0198, pp. 6-7 (La. App. 4 Cir. 5/17/24), 390 So.3d 427, 432 (quoting *Rover Grp., Inc. v. Clark*, 21-1365, p. 5 (La. App. 1 Cir. 4/8/22), 341 So.3d 842, 847; citing La. C.C.P. art. 966). Louisiana Code of Civil Procedure Article 966 provides the substantive and procedural requirements for properly attaining summary judgment. The relevant deadlines are set forth in La. C.C.P. art. 966(C), which provides:

> (1) Unless otherwise agreed to by all of the parties and the court:
>
> (a) A contradictory hearing on the motion for summary judgment shall be set not less than thirty days after the filing and not less than thirty days prior to the trial date.
>
> (b) Notice of the hearing date shall be served on all parties in accordance with Article 1313(C) or 1314 not less than thirty days prior to the hearing.

Added by 2015 La. Acts No. 422, § 1, La. C.C.P. art. 966(C) requires that, unless the parties and court agree otherwise: (1) a motion for summary judgment **shall** be set for hearing at least 30 days after filing; (2) notice of the date of the hearing **shall** be served in accordance with La. C.C.P. arts. 1313(C)[3] (by registered mail, certified mail, commercial courier, or email designated by counsel or the party) or 1314[4] (by the sheriff) at least 30 days before the hearing; and (3) the

---

[3] Under La. C.C.P. art. 1313(C), "if a pleading or order sets a court date, then service shall be made by registered or certified mail or as provided in Article 1314, by actual delivery by a commercial courier, or by emailing the document to the email address designated by counsel or the party. Service by electronic means is complete upon transmission, provided that the sender receives an electronic confirmation of delivery."

[4] Louisiana Code of Civil Procedure article 1314 provides:

hearing on the motion **shall** be set at least 30 days prior to the trial date. *State Farm Fire & Cas. Co. v. Dean Flores Real Est., LLC*, 20-1087, p. 4 (La. App. 1 Cir. 5/12/21), 326 So.3d 292, 295 (citing *Dehart v. Jones*, 18-764, p. 4 (La. App. 3 Cir. 3/27/19), 269 So.3d 801, 804-05). "Through the use of the term 'shall,' the legislature rendered all of these temporal prerequisites mandatory, except upon the agreement of the court and all the parties." *Dehart*, 18-764, p. 4, 269 So.3d at 805 (quoting La. R.S. 1:3 ("The word 'shall' is mandatory[.]")). As the Supreme Court has made plain, "the word 'shall' excludes the possibility of being optional or even subject to discretion, but instead means 'imperative, of similar effect and import with the word must.' " *Auricchio v. Harriston*, 20-01167, p. 4 (La. 10/10/21), 332 So.3d 660, 663 (quoting *Louisiana Fed'n of Tchrs. v. State*, 13-0120, p. 26 (La. 5/7/13), 118 So.3d 1033, 1051)(other internal quotations omitted). Thus, a district court "has no discretion to allow a hearing to proceed in violation of the notice requirement set forth in La. [C.C.P.] 966(C)(1)(b) unless agreed to by the parties."

---

A. A pleading which is required to be served, but which may not be served under Article 1313, shall be served by the sheriff by either of the following:

(1) Service on the adverse party in any manner permitted under Articles 1231 through 1266.

(2)(a) Personal service on the counsel of record of the adverse party or delivery of a copy of the pleading to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.

(b) Except as otherwise provided in Article 2293, service may not be made on the counsel of record after a final judgment terminating or disposing of all issues litigated has been rendered, the delays for appeal have lapsed, and no timely appeal has been taken.

B. Personal service on a partner or office associate of a counsel of record, including a secretary, receptionist, legal staff, administrative staff, or paralegal in the employ of the counsel of record, at the office address of record of the counsel of record shall constitute valid service under Paragraph A of this Article.

*Holleman v. Golden Nugget Lake Charles, LLC*, 21-611, p. 3 (La. App. 3 Cir. 5/25/22), 339 So.3d 731, 733 (citing *Broussard v. Gulfport Energy Corp.*, 18-838, p. 4 (La. App. 3 Cir. 6/5/19), 274 So.3d 175, 178; *Lewis v. Old Republic Ins. Co.*, 17-456, p. 3 (La. App. 3 Cir. 8/23/17), 226 So.3d 557, 559).

Furthermore, in the context of summary judgment, as in other matters, "[p]rocedural due process requires an opportunity to be heard, in addition to notice of the pendency of an action, and in conjunction therewith, adequate notice of the hearing is fundamental." *Miller v. Crescent City Health Care Ctr.*, 11-0403, pp. 3-4 (La. App. 4 Cir. 11/9/11), 78 So.3d 219, 221 (quoting *Macaluso v. Macaluso*, 99-0935, p. 6 (La. App. 1 Cir. 5/12/00), 762 So.2d 180, 183). As other courts have recognized, these requirements of notice and opportunity to be heard "apply to originally scheduled hearings and to rescheduled hearings." *Dean Flores Real Est., LLC*, 20-1087, p. 5, 326 So.3d at 296 (citing *Dehart*, 18-764, pp. 4-5, 269 So.3d at 805; *Miller*, 11-0403, pp. 3-4, 78 So.3d at 221; *Jackson v. General Motors Truck Plant*, 36,479, p. 5 (La. App. 2 Cir. 10/23/02), 830 So.2d 426, 429). "The party who has moved for summary judgment must show that he has secured the judgment in accordance with the procedural law in order to have the summary judgment upheld on appeal." *Miller*, 11-0403, p. 3, 78 So.3d at 221 (citing *Macaluso*, 99-0935, p. 5, 762 So.2d at 183). *See also Dean Flores Real Est., LLC*, 20-1087, p. 5, 326 So.3d at 296 (collecting cases). Moreover, "[t]he strength of an opponent's case on the merits does not outweigh the procedural protections afforded to the opponent of summary judgment." *Miller*, 11-0403, p. 5, 78 So.3d at

222 (quoting *Lassere v. State, Dept. Health & Hosps., Off. of Pub. Health*, 00-0306, p. 8 (La. App. 1 Cir. 3/28/01), 808 So.2d 513, 518).

Appellate courts review a summary judgment *de novo* under the same criteria that govern the district court's determination of whether summary judgment is appropriate. *Duronslet v. Wal-Mart Stores, Inc.*, 22-0019, p. 15 (La. App. 4 Cir. 7/27/22), 345 So.3d 1136, 1147. Upon conducting our *de novo* review, we conclude the appellate record does not demonstrate that the district court complied with La. C.C.P. art. 966(C)'s requirements for notifying Garibaldi of the April 28, 2023 hearing date.

The district court's fifteen-day continuance of the summary judgment hearings contravenes the notice requirements mandated in paragraph (C). In their briefs, the defendants/appellees contend that a Zoom teleconference took place in which the district court's law clerk announced the continuance and that all parties either consented or failed to object to the continuance. According to the district court's June 12, 2023 reasons for judgment:

> on April 13th this Court was on day four of a five-day jury trial in *Anderson, Daneric v. Briggs, Kenneth Et Al, 2017-11757, F-14*. All Counsel of Record was notified that the Court would issue a reset order with a new hearing date. On April 17, 2023, an Order was served upon all Counsel of Record, including Plaintiffs' Counsel, resetting the April 13th contradictory hearing to April 28, 2023 at 10:00 A.M.

We cannot ascertain on the record before us that all parties and the court agreed to waive the thirty-day notice requirement. The only record evidence of the April 28, 2023 hearing notice is the April 17, 2023 order, which continued the

8

hearing on the Progressive Motion and exception of insufficiency of service of process, but did not notice the State Farm Motion hearing.

While Defendants attempt to differentiate *Dehart*, *supra*, from this matter, we do not find any relevant distinction from the appeal before us. The *Dehart* plaintiffs disputed the timeliness of the district court's service of the notice of a continuance of the hearing through a motion to strike. Garibaldi disputed defendants' compliance with statutory deadlines by filing an exception of insufficiency of service of process in response to the Progressive Motion and a motion to strike a reply memorandum supporting the State Farm Motion.[5] Garibaldi reiterated these arguments at the April 28, 2023 hearing and in her motion for new trial, contending that she did not waive the deadlines set forth in La. C.C.P. art. 966(C). Garibaldi's arguments demonstrate her lack of consent to setting the hearing outside of the mandatory deadlines. The record lacks any evidence establishing that Garibaldi waived notice of the April 28, 2023 hearing date. Similarly, nothing in the record shows that the April 17, 2023 order resetting the hearing on the Progressive Motion and Gaibaldi's exception was intended to apply to the State Farm Motion. Though arguments on the State Farm Motion went forward on April 28, 2023, no order of record indicates the State Farm Motion was set for hearing on that date.

---

[5] *See* La. C.C.P. art. 966(B)(3) ("Any reply memorandum shall be filed and served in accordance with Article 1313(A)(4) not less than five days inclusive of legal holidays notwithstanding Article 5059(B)(3) prior to the hearing on the motion.").

Courts have long rejected the argument that a party's mere knowledge of the pending motion for summary judgment places the onus on him to find out when the matter was set for hearing. *Macaluso*, 99-0935, p. 6, 762 So.2d at 183. Article 966(C) requires serving notice of the hearing no less than thirty days before the hearing **unless the court and all parties agree**. "The district court cannot unilaterally dispense with the pre-hearing notice required by Article 966C." *Acadian Properties Northshore, L.L.C. v. Fitzmorris*, 17-0424, p. 10 (La. App. 1 Cir. 11/1/17), 234 So.3d 927, 934. Absent Garibaldi's agreement, where the statutorily-required thirty-day notice of the hearing on a motion for summary judgment was not provided, the district court was procedurally barred from acting on the summary judgment motions. *See id*; *Dehart*, 18-764, p. 5, 269 So.3d at 805. Because both motions for summary judgment were granted without the thirty-day notice required under La. C.C.P. art. 966(C), we vacate the judgments of the district court granting those motions.

Accordingly, for the reasons set forth in this opinion, we vacate the May 19, 2023 and May 22, 2023 judgments of the district court, and we remand this matter to the district court for further proceedings consistent with this opinion.

**VACATED AND REMANDED**